CARL O. SCHWARTZ, APPELLANT, v. RIEKES AND SONS, A NEBRASKA CORPORATION, ET AL., APPELLEES.

240 N. W. 2d 581

Filed April 7, 1976. No. 40328.

John T. Carpenter of Matthews, Kelley, Cannon & Carpenter, for appellant.

Michael P. Cavel, for appellees.

Heard before WHITE, C. J., NEWTON, CLINTON, and BRODKEY, JJ., and KUNS, Retired District Judge.

NEWTON, J.

This is an action for personal injuries. Plaintiff Carl O. Schwartz was an employee of Manpower, Inc., hereinafter referred to as Manpower, a temporary help service contractor supplying temporary labor to various types of concerns. Plaintiff was injured while working for defendant Riekes and Sons, hereinafter referred to as Riekes, through the alleged negligence of the defendant Bruce Koepcke, an employee of Riekes. The primary question presented is whether plaintiff was a temporary employee of Riekes. Summary judgment was entered for the defendant Riekes. We affirm the judgment of the District Court.

As a part of its contract with Riekes, Manpower agreed to assign some of its employees to furnish services for Riekes. Riekes paid Manpower for the services

rendered and Manpower, in turn, paid the plaintiff. Manpower also agreed to carry workmen's compensation insurance on the employees assigned and to take care of social security and withholding taxes. Plaintiff and another Manpower employee went to the place of business of Riekes. They were told that one was to drive a truck and the other to be a laborer. They flipped a coin to see who would drive the truck and plaintiff lost. Plaintiff was set to work sorting glass containers and then at pulling down bags of plastic milk containers at which time he fell and was injured.

Plaintiff, in a previous proceeding, sought to recover workmen's compensation from Manpower and Riekes. The latter denied it was plaintiff's employer. Prior to any hearing on the merits, a lump sum settlement was agreed upon and consummated between plaintiff, Manpower, and the latter's insurer. Defendant Riekes presents as a defense to this action the fact that plaintiff was an employee of Riekes and barred under the Workmen's Compensation Act from recovery in tort.

It is evident that while working for Riekes plaintiff was under the exclusive direction of the foreman for Riekes and was to perform whatever tasks or types of labor were assigned to him. Nothing in the contract with Manpower, or the circumstances under which plaintiff went to work, reflects any other situation. The answer filed by Riekes in the compensation action is understandable in view of the Manpower guarantee to protect Riekes from such claims. In any event, the answer is not res judicata or binding upon Riekes in the present case. The compensation action was settled without a trial and without involvement of Riekes. There was no prejudice to plaintiff. He received the workmen's compensation he sought. In Enterprise Co., Inc. v. Nettleton Business College, 186 Neb. 183, 181 N. W. 2d 846, we held: "The principle prohibiting a party from mending his hold after commencement of litigation is ordinarily applicable only if some previous

conduct on his part would render present assertion of the right unjust." Furthermore, plaintiff is not in a position to raise the issue of equitable estoppel. Plaintiff himself has changed his position. He sought recovery in the compensation court from Riekes as an employer. He now alleges that this concern was not his employer. Both parties were fully aware of the facts and the applicable law at all times. Neither has been prejudiced by the change of positions.

In regard to the question of whether or not Riekes was plaintiff's temporary employer, plaintiff relies on the case of Shamburg v. Shamburg, 153 Neb. 495, 45 N. W. 2d 446. That case holds that such an issue must be decided on the peculiar facts present in each case and that: "* * * the general test in determining whether an employee is a servant of his original master, or of the party to whom he has been furnished, is whether in the particular service which he is engaged to perform he continues to be liable to the direction and control of his master, or becomes subject to that of the party to whom he is lent or hired."

In Mansfield v. Andrew Murphy & Son, 139 Neb. 793, 298 N. W. 749, it was stated: " 'It sometimes happens that one wishes a certain work to be done for his benefit and neither has persons in his employ who can do it nor is willing to take such persons into his general service. He may then enter into an agreement with another. If that other furnishes him with men to do the work and places them under his exclusive control in the performance of it, those men become pro hac vice the servants of him to whom they are furnished. But, on the other hand, one may prefer to enter into an agreement with another that that other, for a consideration, shall himself perform the work through servants of his own selection, retaining the direction and control of them. In the first case, he to whom the workmen are furnished is responsible for their negligence in the conduct of the work, because the work is his

work and they are for the time his workmen. In the second case, he who agrees to furnish the completed work through servants over whom he retains control is responsible for their negligence in the conduct of it, because, though it is done for the ultimate benefit of the other, it is still in its doing his own work. To determine whether a given case falls within the one class or the other we must inquire whose is the work being performed, a question which is usually answered by ascertaining who has the power to control and direct the servants in the performance of their work.'" See, also, Kessler v. Bates & Rogers Constr. Co., 155 Neb. 40, 50 N. W. 2d 553; Barton v. Hobbs, 181 Neb. 763, 151 N. W. 2d 331.

The case of St. Claire v. Minnesota Harbor Service, Inc., 211 F. Supp. 521 (1962), is in point in that it too involved an employee of Manpower. There, too, the plaintiff recovered workmen's compensation from Manpower and then sought to recover in tort from the firm to which he was temporarily assigned. Summary judgment was entered for the defendant. The case holds: "Plaintiff and other personnel were sent by Manpower to clean barges under the control of the defendant. Manpower just provides temporary help for a fee. Manpower had no interest in the barge. Plaintiff went to the defendant because the defendant needed some temporary help. Manpower was in the business of selling temporary help, and the defendant wanted to buy some. That is why the plaintiff went to the barge on that fateful day, and it seems patently clear that any argument to the contrary would be met with utter disbelief by a jury. The law is clear; the test is control. The control originated at the defendant. No reasonable jury could find that the plaintiff and his brother were on that barge for any reason save that the defendant had sent for them. * * *

"It is therefore the opinion of this Court that where the primary employer (Manpower here) does no more

than provide personnel for the use of the ultimate employer (the defendant here), where the fees received by the primary employer from the ultimate employer include provision for Workmen's Compensation coverage for the employees supplied, where this Workman's Compensation was in force at the time of the accident, and where the injury occurred (1) while the employee was under the control of the ultimate employer (the defendant here) and (2) while the employee was engaged in a task which all the parties (the plaintiff, the defendant and Manpower) must be deemed to have contemplated that the employee would perform (i. e., while the plaintiff was within the scope of his employment), then the injured employee cannot sue the ultimate employer as a third-party tort-feasor.

"In this case that means that the defendant is entitled to a summary judgment, for there are no genuine issues as to the facts."

We have the identical situation here. Manpower was simply in the business of selling the services of its general employees. It did not attempt to exercise any supervision or control over them in the slightest degree once it had assigned them to work for the defendant Riekes. Riekes had the sole right to designate the work to be done by plaintiff and where and how it was to be done. Defendant Riekes also had full power and authority to dispense with plaintiff's services at any time. The defendant Riekes, not Manpower, was in full control of the situation in regard to the services to be rendered by plaintiff. The facts reflect that an implied contract of employment existed between plaintiff and the defendant Riekes. The plaintiff voluntarily went to work for Riekes and performed tasks assigned to him.

Although a jury question is sometimes presented on similar questions, here the facts are clear and undisputed. The question presented on those facts is one of law and the entry of a summary judgment for the de-

fendant Riekes was proper. The judgment of the District Court is affirmed.

AFFIRMED.