2005-NMCA-045

110 P.3d 1076

**Mark HEADLEY and Patricia Headley, Plaintiffs–Appellants,**

v.

**MORGAN MANAGEMENT CORPORATION, (a foreign-for-profit corporation), Defendant–Appellee.**

**No. 23,134.**

Court of Appeals of New Mexico.

Feb. 3, 2005.

Certiorari Denied, No. 29,152, April 20, 2005.

---

340

Kevin J. Hanratty, Hanratty Law Firm, Artesia, New Mexico, for Appellants.

Richard J. Shane, Myra F. Moldenhauer, Riley, Shane & Hale, P.A., Albuquerque, New Mexico, for Appellee.

## OPINION

ROBINSON, Judge.

{1} In this appeal, we consider whether Defendant Morgan Management Corporation (MMC) can be sued for negligence, or whether it is protected by the exclusivity provisions of the Workers' Compensation Act (the Act), NMSA 1978, §§ 52-1-6(E) (1990), -8 (1989), and -9 (1973). The answer depends on the relationship between MMC and Plaintiffs. The district court granted summary judgment in favor of MMC on Plaintiffs' negligence claim, determining that MMC and Morgan Building and Spa Manufacturing Corporation (MFG) have the "same identity" for purposes of the Act and, therefore, the Act provided Plaintiffs' sole remedy against MMC. We agree and conclude that Plaintiffs' tort claim is barred by the exclusivity provisions of the Act.

## BACKGROUND

{2} Plaintiff Mark Headley (Worker) was seriously injured while working in MFG's manufacturing plant in Raton, New Mexico, when a heavy roll of insulation material fell on him. Payments exceeding $200,000 have been paid to him. He brought this negligence action against numerous entities other than MFG. His theory is that MMC negligently placed the roll, or was somehow responsible for the fact that the roll fell on him.

{3} There are a number of Morgan Companies, apparently divided up, based on their essential roles such as manufacturing, transportation, and sales. MMC is separately incorporated, and is the common corporate office of the Morgan Companies, including MFG. Guy Morgan is the sole shareholder of both MMC and MFG. MMC was the named insured on the workers' compensation policy at the time of Worker's accident, and all the Morgan Companies, including MFG, were covered by this policy.

{4} Terry Baca, Worker's supervisor and production manager at the Raton plant on the date of Worker's accident, was an MMC employee and was paid by MMC. Baca hired Worker and had the authority to fire him. Worker contends that MMC was negligent

directly and vicariously through its agent/employee, Terry Baca.

## DISCUSSION

*STANDARD OF REVIEW*

{5} Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Self v. United Parcel Serv., Inc.,* 1998–NMSC–046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "If the facts are undisputed and only a legal interpretation of the facts remains, summary judgment is the appropriate remedy." *Bd. of County Comm'rs v. Risk Mgmt. Div.,* 120 N.M. 178, 179, 899 P.2d 1132, 1133 (1995). We apply a *de novo* standard of review.

{6} On appeal, the parties have analyzed the issue in terms of whether MMC had a right to control Worker, or whether Worker was an independent contractor. *See* NMSA 1978, § 52–1–22 (1989) (stating that the Workers' Compensation Act requirements do not apply to independent contractors). We believe the appropriate analysis depends on whether Worker was an employee of MMC. We have determined that Worker was an employee of MMC.

A. *Exclusivity*

{7} Under the exclusivity provisions of the Act, NMSA 1978 §§ 52–1–1 to –70 (1929, as amended through 2004), "[n]o cause of action outside the Workers' Compensation Act shall be brought by an employee ... against the employer or his representative ... for any matter relating to the occurrence of or payment for any injury ... covered by the Workers' Compensation Act." § 52–1–6(E). Moreover, an employer's compliance with the Act results in "a surrender by the employer and the [employee] of their rights to any other method, form or amount of compensation or determination thereof or to any cause of action at law, suit in equity, or statutory or common-law right to remedy or proceeding whatever for or on account of personal injuries or death of the [employee] than as provided in the ... Act." § 52–1–6(D).

B. *Whether MMC is an Employer of Worker*

{8} "If an employment relationship is found, then Section 52–1–6(D) clearly presents a bar to this suit." *Salswedel v. Enerpharm, Ltd.,* 107 N.M. 728, 730, 764 P.2d 499, 501 (Ct.App.1988). Our Supreme Court has adopted the RESTATEMENT (SECOND) OF AGENCY to evaluate employee-employer relationships. *See Harger v. Structural Servs., Inc.,* 1996–NMSC–018, 121 N.M. 657, 661, 916 P.2d 1324, 1328. RESTATEMENT (SECOND) OF AGENCY: TORTS OF SERVANTS § 220(1) (1958) provides that "[a] servant is a person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or right to control." Some factors to consider in determining whether the right to control exist include: (1) the extent of control which the master may exercise over the details of the work; (2) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work; (3) the length of time for which the person is employed; (4) the method of payment, whether by the time or by the job, *Id.* § 220(2); and (5) "the right to delegate the work or to hire and fire assistants." *Harger,* 121 N.M. at 667, 916 P.2d at 1334.

{9} Harger added that "no particular factor should receive greater weight than any other." *Id.* Moreover, "the totality of the circumstances should be considered in determining whether the employer has the right to exercise essential control over the work or workers." *Id.; see also Dibble v. Garcia,* 98 N.M. 21, 24, 644 P.2d 535, 538 (Ct.App.1982) (holding that the right to control is a test for determining employer-employee relationship in workmen's compensation action).

{10} Here, all of MFG management personnel are employed by MMC and receive their paychecks from MMC. MMC also provides workers' compensation insurance for MFG. The MFG plant manager reports directly to his supervisor in MMC's office. Terry Baca, who was the production manager of the Raton plant, hired Worker and other employees who worked at the MFG plant. Subsequently, Terry Baca served as the plant manager, which required him to

report directly to his supervisor in MMC's corporate office. Under the totality of the circumstances, MMC made a *prima facie* showing that MMC, through Terry Baca in his role as plant manager, not only controlled Worker's objectives, but also controlled Worker's means and methods of his performance.

{11} Once MMC made a *prima facie* showing that it was Worker's employer, the burden shifted to Worker to demonstrate the existence of specific evidentiary facts to rebut this conclusion. *See Roth v. Thompson*, 113 N.M. 331, 334–35, 825 P.2d 1241, 1244–45 (1992). In an attempt to show that MMC had no right to control his work, Worker presented evidence that he used his own tools on the job. This fact is not determinative. Like in *Harger*, the nature of the instrumentalities (tools) is but one factor among many to consider. The other factors presented by MMC, as well as the totality of the circumstances, persuade us that MMC was Worker's employer. MMC hired the workers at the plant, including Worker, and it presumably had the right to terminate anyone it had hired. MMC provided workers' compensation insurance for all plant workers and it required all managers at the plant to be MMC employees. The plant manager reported directly to MMC. *See, e.g., Utah Home Fire Ins. Co. v. Manning*, 985 P.2d 243, 246 (Utah 1999) (stating that "[r]egardless of how the parties intended to structure their relationship, a worker is considered to have been an employee [for purposes of the Workers' Compensation Act] if the employer had the right to control the worker's manner or method of executing or carrying out the work"); *Schwartz v. Riekes & Sons*, 195 Neb. 737, 240 N.W.2d 581, 584 (1976) (stating that where a labor staffing firm provides temporary workers to an ultimate employer, which controls the details of the work done, then the ultimate employer is protected by the exclusivity provisions of workers' compensation); *St. Claire v. Minn. Harbor Serv., Inc.*, 211 F.Supp. 521, 528 (D.C.Minn.1962) (holding that worker from temporary agency may not sue ultimate employer if it had a right to control the details of the work).

■ {12} Normally, the existence of an employment relationship is a question of fact.

*Garcia v. Am. Furniture Co.*, 101 N.M. 785, 789, 689 P.2d 934, 938 (Ct.App.1984); *Reynolds v. Swigert*, 102 N.M. 504, 508, 697 P.2d 504, 508 (Ct.App.1984) (stating that whether physician was employee or independent contractor of hospital is a question of fact). However, where reasonable people cannot differ on the issue, the court may grant summary judgment. *See N.M. State Highway Dep't v. Van Dyke*, 90 N.M. 357, 360, 563 P.2d 1150, 1153 (1977). We hold that, under the facts here, Worker failed to rebut MMC's *prima facie* showing that it had the right to control the work in the MFG plant and that it was therefore Worker's employer. Thus, the district court properly concluded that MMC is entitled to the protection of the exclusivity provisions in the Act.

{13} If Worker were truly an independent contractor, he would not have been entitled to the $200,000 he has already received in workers' compensation benefits under MMC's workers' compensation policy. *See Harger*, 121 N.M. at 664–70, 916 P.2d at 1331–37. Additionally, it is inconsistent for Worker to claim that MMC was vicariously negligent through the acts of its employee, Terry Baca, apparently because of his right to control the work at MFG, while at the same time contending that MFG was not an agent of MMC due to MMC's inability to control the workers at MFG.

### C. Discovery

■ {14} Worker argues that the district court erred in ruling on the motion for summary judgment before he could take the depositions of two corporate officers of MMC. We review the court's ruling on this issue for an abuse of discretion. *See Design Prof'ls Ins. Cos. v. St. Paul Fire & Marine Ins. Co.*, 1997–NMCA–049, ¶ 18, 123 N.M. 398, 940 P.2d 1193 (stating that the court's ruling on whether to permit further discovery before ruling on summary judgment motion is reviewed for an abuse of discretion).

■ {15} Worker's brief-in-chief contains less than a page devoted to this issue. There is no explanation of his argument, nor are there any facts that would allow us to evaluate this claim. We will not review unclear arguments, or guess at what his arguments might be. *See Santistevan v. Centinel Bank*

*of Taos*, 96 N.M. 734, 737, 634 P.2d 1286, 1289 (Ct.App.1980), *rev'd on other grounds by*, 96 N.M. 730, 634 P.2d 1282 (1981) (stating that we are not required to surmise what argument is being made where a brief is unclear). In his reply brief, Worker makes an equally brief argument, allegedly relying on several facts, but does not cite to the record to support his assertions. We decline to review such an undeveloped argument. *See Santa Fe Exploration Co. v. Oil Conservation Comm'n*, 114 N.M. 103, 108, 835 P.2d 819, 824 (1992) (stating that we have no duty to entertain arguments when facts are cited without citation to the record, and no authority is presented in support of an argument).

### CONCLUSION

{16} We conclude that the facts are clear and undisputed that Worker was an employee of MMC within the meaning of the New Mexico's Workers' Compensation Act, and entry of summary judgment was proper. The judgment of the district court is affirmed.

{17} **IT IS SO ORDERED.**

WE CONCUR: CYNTHIA A. FRY and RODERICK T. KENNEDY, Judges.