This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**WILLIAM R. CALHOON,**

    Petitioner-Appellant,

v.                                   **NO. 29,410**

**JACQUELINE SNYDER,**

    Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerald J. Lavelle, District Judge**

Robert D. Mueller
Albuquerque, NM

for Appellant

The Family Law Firm, P.C.
Felissa M. Garcia
Donna Trujillo Dodd
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

    Petitioner appeals the district court order declining jurisdiction under New Mexico's version of the Uniform Child-Custody Jurisdiction and Enforcement Act

(UCCJEA), NMSA 1978, Sections 40-10A-101 to -403 (2001). After referring the matter to a special master, the district court found that Petitioner had not established New Mexico as Child's home state and that Illinois would be a more appropriate forum. We affirm.

**BACKGROUND**

William Calhoon (Petitioner) petitioned the district court to determine custody, time sharing, and child support on August 4, 2008. Jacqueline Sndyer (Respondent) entered a limited appearance for the purpose of contesting jurisdiction. Pursuant to Rule 1-053 NMRA, the district court referred the matter to a special master.

The central issue before the hearing officer was jurisdiction under the UCCJEA. *See* § 40-10A-201. Our statute creates a two-tiered approach for determining whether a New Mexico court has jurisdiction over child custody disputes. *Garcia v. Gutierrez*, 2009-NMSC-044, ¶¶ 13-14, 147 N.M. 105, 217 P.3d 591. The first question to be asked is whether New Mexico can be considered the child's home state. *Id.*; *see* § 40-10A-201(a)(1)-(4). A child's home state is defined as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child-custody proceeding." § 40-10A-102(7). However, if no home state can be determined, a court then asks "whether the child and at least one parent have

2

'significant connections' with a different state." *Garcia*, 2009-NMSC-044, ¶ 14; *see* § 40-10A-201(a)(2)(A). Thus, for New Mexico to properly exercise jurisdiction under the statute, Petitioner must establish that either New Mexico is the home state of Child or that New Mexico is the appropriate state to exercise jurisdiction.

The following testimony formed the basis for the hearing officer's recommendations to the district court. Petitioner worked as a representative for a bowling ball manufacturer. His job required him to travel to each year's national bowling tournament held in different cities throughout the country. While touring, Petitioner met Respondent in 1998. Respondent was also a touring bowler and dated Petitioner. Together they had a child in 2004. Petitioner and Respondent were never married. During their time together, the couples' basic pattern involved traveling to a tournament city in early January, residing in the city until the tournament ended, typically in July, and traveling back to Cooksville, Illinois, for the remainder of the year until the following year's tournament. Petitioner and Respondent traveled to the bowling tournaments in Baton Rouge, Louisiana, in 2005, Corpus Christie, Texas, in 2006, Reno, Nevada, in 2007, and Albuquerque, New Mexico, in 2008. They lived out of a "fifth-wheel" during their travels.

While in Cooksville, Illinois, during the months of July through December each year, Petitioner and Respondent took various jobs with the bowling ball

company which required additional travel. Paychecks for the parties were always sent to Cookville, Illinois, as was important mail for both parties. The parties registered their vehicle in Illinois. Petitioner maintained a driver's licence in Florida and Respondent had an Illinois driver's licence. When they were not traveling during the off season, or working individual jobs, the parties stayed in Cooksville, Illinois. Respondent described her parent's home in Cooksville as the "home base and home office" of the parties.

The timeline of the parties' arrival and departure from Albuquerque in 2008 was the subject of some dispute at the hearing before the special master. Petitioner testified that the parties arrived in Albuquerque on January 3, 2008, at which time they rented a space at a recreational vehicle park. Respondent testified that they arrived in Albuquerque on January 9, 2008. She further testified that the parties, including Child, immediately left Albuquerque on January 10, 2008, to attend a coaching class in Las Vegas, Nevada, and did not return to Albuquerque until January 20, 2008. Petitioner did not contradict this testimony. At the conclusion of the tournament in Albuquerque, the parties again traveled to Las Vegas, Nevada, on July 12, 2008, to research apartments for next year's tournament. According to Respondent, she told Petitioner that she wanted to end the relationship and return to Illinois with Child before traveling to Las Vegas, Nevada. Petitioner told Respondent he would drive her home, but when they started to leave for Illinois,

they needed to stop in Moriarty, New Mexico, to repair the trailer on July 16th or 17th. Respondent refused to wait and Petitioner agreed to drive her and Child to the airport. Respondent and Child flew to Illinois on July 18, 2008.

The hearing officer's report found and recommended that the district court conclude that New Mexico did not have jurisdiction either under Section 40-10A-204 (temporary emergency jurisdiction) or Section 40-10A-201 (initial child-custody jurisdiction). The report stated:

> The minor child[] was physically present in New Mexico from the first week in January of 2008 until July of 2008. In July of 2008, the Respondent and [Child] moved to Illinois where they continue to reside. The Petitioner continues to reside here in New Mexico. . . . The period of time [Child] was in New Mexico was approximately six consecutive calendar months, however, there is insufficient evidence to find that New Mexico is the "home state" of [Child].

Petitioner filed objections to the hearing officer's report. Specifically, Petitioner asserted that (1) the hearing officer incorrectly determined that New Mexico did not have emergency jurisdiction under Section 40-10A-204, (2) the hearing officer incorrectly found that Child moved to Illinois in July 2008, (3) New Mexico is the home state of Child under the UCCJEA, (4) Petitioner lacks a forum in which to seek a remedy, and (5) the petition should not be dismissed. The district court scheduled a hearing on Petitioner's objections to the hearing officer's report on January 15, 2009.

5

At the district court hearing, both parties presented their arguments. At the conclusion of the arguments, the district court told the parties: "I need to listen to the disk of the hearing from the December 9th. You tell me there was a two or three hour hearing. There are some factual matters that I have in my mind that I need answered." The district court took the matter under advisement and later confirmed the report of the hearing officer in its order of January 28, 2009. The district court found that Petitioner had failed to establish a sufficient factual basis for jurisdiction under the UCCJEA because:

a. The parties and their minor child did not clearly begin to reside in Albuquerque until January 20, 2008, when the parties returned from Nevada after a training session in preparation for a bowling tournament which began in Albuquerque later in January[] 2008. The parties had come through Albuquerque earlier in the month of January to find a place to rent space in an RV park, but they did not actually take up residence until January 20;

b. The parties continued to reside in Albuquerque until July 12, 2008, when they left for Nevada again to search for a place where they might live beginning in January[] 2009 for the 2009 version of the bowling tournament which had been in Albuquerque in 2008;

c. Respondent left for Illinois with the minor child on or about July 18, 2008, while passing through the Albuquerque area, much as the parties had done each "off season" for at least six years prior to 2008;

d. The parties' residing in Albuquerque for almost six months in 2008 was a continuation of their pattern of temporarily

6

residing in a different state each year, for periods ranging from four and one-half months to approximately six months, each year for at least six years prior to 2008;

e.     For at least seven years, including 2008, the parties never really established a "Home State" for UCCJEA purposes;

f.     From at least 2002 through 2008, the parties' contacts with Illinois exhibited the most indicia of permanence in that the parties maintained their bank account, received their mail, registered their truck and had a driver's license (Respondent) in Illinois.  Petitioner maintained a Florida driver's license;

g.     While in Albuquerque, the parties resided in a 5th [w]heel vehicle, the same vehicle the parties used to traverse the country, living temporarily in various places, for at least six years prior to 2008.

Petitioner filed an emergency motion for reconsideration on February 9, 2009, to which he attached an affidavit in support.  The district court denied the motion in a memorandum order and stated, "Prior to issuing its January 28, 2009 Oder [sic], this Court listened to the entire audio recording of the December 9, 2008 hearing to familiarize itself with all the facts which had been developed at that hearing.  This Court reached the same conclusion regarding jurisdiction as was reached by Hearing Officer Baca."

Petitioner then appealed.  While the appeal was pending, he filed a motion in this Court for a limited remand in light of an Illinois court order denying emergency jurisdiction on May 29, 2009.  In support of his motion, Petitioner

attached court documents, including the docket sheet and excerpts from the Illinois court hearing. This Court denied the motion on June 12, 2009.

**DISCUSSION**

On appeal, Petitioner challenges the district court order adopting the hearing officer's findings and recommendations. Specifically, Petitioner argues that the district court erred when it found a different start date for purposes of calculating the six-month jurisdictional period and that finding different facts than those in the hearing officer's report required taking additional testimony. When reviewing a district court jurisdictional determination, we review the factual findings for sufficiency of the evidence and conclusions of law de novo. *Malissa C. v. Matthew Wayne H.*, 2008-NMCA-128, ¶ 20, 145 N.M. 22, 193 P.3d 569.

Under our rules of civil procedure, a district court may refer a matter to a hearing officer for the purpose of "assist[ing] the district court in determining the factual and legal issues." *Buffington v. McGorty*, 2004-NMCA-092, ¶ 31, 136 N.M. 226, 96 P.3d 787. The district court must independently "review the recommendations of the domestic relations hearing officer and determine whether to adopt the recommendations." Rule 1-053.2(H)(1)(a) NMRA. Reports from hearing officers are not final until reviewed and adopted by the district court. Rule 1-053.2(E). If timely filed, a party may have its objections to the hearing officer's report reviewed before the district court in a hearing. Rule 1-053.2(H)(1)(b). "The hearing shall consist of a review of the record unless the court determines that

9

additional evidence will aid in the resolution of the objections." *Id.* While "[t]he nature of the hearing and review to be conducted by the district court will depend upon the nature of the objections being considered," *Buffington*, 2004-NMCA-092, ¶ 31, the rule provides for a presumption of a review of the record rather than a de novo proceeding. Rule 1-052.3(H)(1)(b) Committee commentary. Most importantly, the district court must demonstrate that it reviewed the objections and arrived at a reasoned basis for its decision. *Buffington*, 2004-NMCA-092, ¶ 31.

With these principles in mind, we consider Petitioner's specific arguments on appeal. First, Petitioner asserts that the district court disregarded a stipulation between the parties on the record before the hearing officer that the parties arrived in Albuquerque during the first week of January 2008. According to Petitioner, this stipulated arrival date established jurisdiction under the statute and is so reflected in the hearing officer's report. However, Petitioner fails to cite to any such stipulation made before the hearing officer. A review of the recording before the hearing officer reveals the following exchange:

| Hearing Officer: | When you guys count your days, what are you saying is the number of days? |
| Counsel for Respondent: | I think either way it's less than 180. |
| Hearing Officer: | Why are you saying it's less than 180 if you start with January 3, because? |

10

Counsel for Respondent:     Because I added them all up.

Hearing Officer:     And you are using what departure date     for mother and child?

Counsel for Respondent:     The 17th of July.

Counsel for Petitioner:     They departed the 18th. That's what I thought she said.

Counsel for Respondent:     Well, I guess they weren't in Albuquerque, I guess technically if they were traveling through New Mexico and     got stuck in Moriarty because of some problem with the brakes and then she came back.

Hearing Officer:     So that would indicate a six-month presence here in the state.

Counsel for Petitioner:     Correct.

Counsel for Respondent:     I don't think it's 180 days.

Hearing Officer:     January 3rd or January 9th through July     17th or July 18th is in effect six full months.

Counsel for Respondent:     Well, . . . I believe my client's testimony     is that they parked the RV and then went     to Las Vegas for a number of days and     came back.

Hearing Officer:     I haven't heard anything to contradict that.

11

Counsel for Petitioner:    Well, from that standpoint it's a legal issue then of whether or not that constitutes under the statute. And it would be our position it does.

It is evident that the parties did not stipulate as to an arrival date. Petitioner was prepared to offer additional testimony that the parties arrived in New Mexico on January 3, 2008. Respondent claimed that the parties did not arrive until January 9, 2008. However, as the hearing officer discussed, the difference between these days is immaterial because both give rise to a six-month time period of residency. In other words, a six-month period would be established whether or not the parties arrived on January 3rd or 9th and departed on July 17th or 18th. However, there was a dispute that the period between the parties' initial arrival in Albuquerque, at which time they dropped off their trailer and continued to Las Vegas, Nevada, (January 3rd or 9th), and their subsequent return to Albuquerque (January 20th) constituted residency within New Mexico for purposes of the jurisdictional statute. If it had, the six-month period would have been established. Petitioner makes no argument that this period of time should be counted as residency for purposes of "home state" under the statute.

To the extent that Petitioner argues the district court erred by finding different facts than those of the hearing officer, we do not find error. The district

court was within its discretion when it modified the hearing officer's findings. *See* Rule 1-053.2(H)(1)(d) ("The court may adopt the recommendations, modify them, reject them in whole or in part, receive further evidence, or may recommit them to the domestic relations hearing officer with instructions."). On appeal, we determine whether the findings of the district court are supported by substantial evidence. *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153. In reviewing a sufficiency of the evidence claim, the reviewing court views the evidence in the light most favorable to the prevailing party and disregards evidence and inferences to the contrary. *Weidler v. Big J Enters.*, 1998-NMCA-021, ¶ 30, 124 N.M. 591, 953 P.2d 1089 (filed 1997). The district court finding that the parties did not return to Albuquerque until January 20, 2008, is supported by Respondent's testimony before the hearing officer in which she testified as to the dates.

Petitioner contends that he was unable to present additional evidence to the district court. However, a review of the hearings before the hearing officer and the district court do not support Petitioner's argument. Before the hearing officer, Petitioner offered additional witnesses who would testify that January 3, 2008, was the arrival date. But, as described above, this factual dispute was not the basis for the district court finding. The hearing officer did not prevent Petitioner from

13

offering additional testimony regarding the initial trip to Las Vegas, Nevada. Additionally, Petitioner did not seek to introduce additional testimony at the hearing before the district court. When told the district court needed to listen to the testimony before the hearing officer, Petitioner relied on the testimony before the hearing officer and attempted to highlight portions of it for the district court. We decline to review the district court decision to rule on the evidence before the hearing officer without taking additional testimony when Petitioner did not seek to introduce additional testimony and expressly relied on the testimony before the hearing officer.

To the extent it is challenged, we affirm the district court legal conclusion that New Mexico does not have jurisdiction under the UCCJEA. Under Section 40-10A-201(a)(1), New Mexico was not the home state of Child because Child did not reside within the State for at least six consecutive months. We also hold that the district court was correct in determining that Illinois was the more appropriate forum state under Section 40-10A-201(a)(2). As evidenced from the testimony before the hearing officer, the only constant throughout Child's life, apart from continuous travel, was a seasonal return to Cooksville, Illinois, and Respondent's family. We agree that Child had the most significant connections with Illinois. As a result, we affirm the district court order declining jurisdiction.

14

**PARENTAL KIDNAPPING**

Petitioner argues it was error for the district court to fail to treat Respondent's relocation to Illinois as a parental kidnaping. However, Petitioner makes no argument under the Parental Kidnapping Prevention Act (PKPA). *See* 28 U.S.C. § 1738A (2000). We note that a jurisdictionally proper child custody determination is a prerequisite to a claim under the PKPA. 28 U.S.C. § 1738A(a) ("The appropriate authorities of every [s]tate shall enforce . . . any custody determination or visitation determination made consistently with the provisions of this section by a court of another [s]tate."). Petitioner also fails to make a claim under our kidnapping statute, *see* NMSA 1978, § 30-4-1 (2003), or our custodial interference statute. *See* NMSA 1978, § 30-4-4 (1989). Accordingly, we do not review this claim. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076. ("We will not review unclear arguments, or guess at what [a party's] arguments might be.")

**ILLINOIS COURT PROCEEDING / MOTION FOR LIMITED REMAND**

Petitioner argues remand is appropriate because the Illinois court has declined to exercise jurisdiction under the statute and therefore he is left without a forum in which to pursue child custody. The only record of the Illinois court proceeding is a copy of the docket sheet and excerpts from the hearing attached to

15

Petitioner's motion for limited remand. Our review of these documents indicates that the Illinois court simply declined to enforce a temporary order of protection against Petitioner and did not refuse to exercise jurisdiction under the UCCJEA. We are thus unpersuaded that Petitioner has no forum in which to pursue child custody.

**CONCLUSION**

For the foregoing reasons, we affirm the order of the district court.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Judge**

_____

**TIMOTHY L. GARCIA, Judge**