This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                               **NO. 28,712**

**YRENIO CARRERA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Gary K. King, Attorney General
Farhan Khan, Assistant Attorney General
Santa Fe, NM

for Appellee

Trace L. Rabern
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant Yrenio Carrera appeals his conviction for two counts of assault with intent to commit a violent felony on a peace officer, one count of aggravated battery on a peace officer, and one count of resisting, evading, or obstructing an officer. His brief in chief states that (1) the district court deprived him of his constitutional right to present a defense by excluding medical testimony and records; (2) the jury instructions were inadequate to reflect his defense of self-defense and to shift the burden to the State to prove unlawfulness; (3) the State's prosecutorial misconduct requires reversal; and (4) the district court violated his constitutional protections regarding double jeopardy by convicting and sentencing him for both aggravated assault on a peace officer with intent to kill and aggravated battery with a deadly weapon for the same incident relating to the same officer, as well as convicting and sentencing him for three counts of aggravated assault on a peace officer with intent to kill for only one incident involving only one officer. We affirm.

**MEDICAL EVIDENCE**

After the incident giving rise to the charges in this case, Defendant fled to Big Spring, Texas and received medical care at the Big Spring Hospital. Defendant asserted in the district court that he had been shot in the back and that officers shot at him first while Defendant was still in his car. He states that he told the medical providers that he was shot in the back. He further states that his attorney reviewed the

medical records and interviewed medical personnel and that the wounds were described "as an entry wound on the back of the shoulder and an exit wound on the front of the shoulder/chest, and a second shot to the back of the neck." Defendant was treated by an emergency room doctor and nurse.

The doctor had moved "outside the jurisdiction of the courts" and "would not be available to testify." Defendant contacted the nurse to testify at trial. According to Defendant, her testimony was necessary because she had observed Defendant's wounds, heard Defendant tell his medical providers that he was shot in the back, and could provide the foundation for Defendant's medical records. The nurse had young children and did not want to travel to New Mexico for trial. After Defendant moved to have the nurse testify telephonically at a deposition, the district court required Defendant to serve the nurse with an out-of-state subpoena duces tecum, which a Texas state court quashed. The district court then granted Defendant's motion to take the nurse's video deposition.

The day before trial, the district court, on the State's motion, ruled that the nurse's testimony concerning the direction of Defendant's wound was inadmissible because the nurse lacked "any expertise in the area with regard to entry and exit wounds." It allowed the nurse to testify about her notes, except as they pertained to the entry and exit characteristics of the wounds. It ruled that testimony about the

3

emergency room doctor's notes or statements Defendant made were inadmissible hearsay.

Later that day, Defendant notified the State that he intended to call as a witness another doctor to provide a foundation for the forensic evidence. The judge sustained the State's objection to the witness on the basis of an untimely disclosure.

On appeal, Defendant argues that the district court denied him his right to present his defense that he was shot in the back because the district court did not allow the nurse's testimony and the medical records as evidence. He contends that the testimony "supported the core defense theme that [he] did not shoot with intent to murder, as the State charged, but only to try [to] defend himself from imminent threat of death." Defendant also raises a confrontation argument.

Defendant's arguments fail because he does not address the district court's rulings determining that the nurse's testimony was inadmissible because the nurse was not qualified to testify about the entry or exit wounds and that the other medical records were hearsay for which there was no foundation for admissibility. Because Defendant has not raised these issues, we will not address them on appeal. *State ex rel. Children, Youth & Families Dep't v. Hector C.*, 2008-NMCA-079, ¶ 10, 144 N.M. 222, 185 P.3d 1072 ("We do not address arguments not raised on appeal."). Although Defendant argued to the district court that the evidence was essential for his defense,

the district court did not rule on that issue, and it did not need to make such a ruling because it determined that the evidence was not admissible for other reasons. Defendant was not entitled to introduce evidence without proper foundation for testimony on the wounds or proper foundation for establishing an exception to hearsay merely because it was important, or even essential, to his defense. *See State v. Thompson*, 2009-NMCA-076, ¶ 12, 146 N.M. 663, 213 P.3d 813 (stating that it is an abuse of discretion to admit evidence without the necessary foundation), *cert. denied*, 2009-NMCERT-006, 146 N.M. 734, 215 P.3d 43.

**JURY INSTRUCTIONS**

Defendant argues on appeal that the jury instructions did not adequately reflect Defendant's entitlement to act in unreasonable self-defense or to shift the burden to the State to prove unlawfulness. Defendant specifically argues that the district court should have given an imperfect self-defense instruction or, alternatively, instructed the jury concerning the reasonableness standard of *State v. Mantelli*, 2002-NMCA-033, 131 N.M. 692, 42 P.3d 272, including a reasonableness test for Defendant's conduct.

Defendant asserts in his brief in chief that he objected to the jury instructions as being inadequate to inform the jury of his right to use force against the officers and that his "trial counsel's defense and closing argument fairly include the concept of imperfect self-defense." Defendant did not proffer any instructions addressing the

issues he now argues on appeal. *See State v. Rivera*, 2009-NMCA-132, ¶ 40, 147 N.M. 406, 223 P.3d 951 (stating that the defendant did not preserve a jury instruction issue for appeal when he tendered no such instruction at trial), *cert. denied*, 2009-NMCERT-011, 147 N.M. 463, 225 P.3d 793. As a result, he did not preserve in the district court the arguments he raises on appeal, and we will review his arguments only for fundamental error. *See State v. Cunningham*, 2000-NMSC-009, ¶ 11, 128 N.M. 711, 998 P.2d 176.

**FUNDAMENTAL ERROR**

Fundamental error, in connection with jury instructions, occurs when "a reasonable juror would have been confused or misdirected by the jury instruction." *Id.* ¶ 14 (internal quotation marks and citation omitted). It "only applies in exceptional circumstances when guilt is so doubtful that it would shock the judicial conscience to allow the conviction to stand." *Id.* ¶ 13 (internal quotation marks and citation omitted).

The district court instructed the jury on self-defense that Defendant had "the right to self defense against a [p]eace [o]fficer when the officer uses excessive force to effect an arrest." The court further instructed that "[e]xcessive force means greater force than reasonably necessary to the performance of the duties of the officer." The jury ruled against Defendant on this defense, necessarily finding that the officers did

not use excessive force.

Imperfect self-defense permits a murder charge to be reduced to manslaughter based on mitigating circumstances. *State v. Abeyta*, 120 N.M. 233, 240, 901 P.2d 164, 171 (1995), *abrogated on other grounds by State v. Campos*, 1996-NMSC-043, ¶ 32 n.4, 122 N.M. 148, 921 P.2d 1266. It applies when a defendant has used excessive force when lawfully defending himself or herself. *State v. Romero*, 2005-NMCA-060, ¶ 16, 137 N.M. 456, 112 P.3d 1113; *see also Abeyta*, 120 N.M. at 241, 901 P.2d at 172. If Defendant was lawfully defending himself, there was no evidence at trial that he was using excessive force to do so. As a result, even if the defense of imperfect self-defense were available to Defendant, which would be an extension of existing law, the evidence would not support it in this case.

Defendant also contends that he was entitled to jury instructions that addressed both the objective reasonableness of the officer's actions, as well as Defendant's reasonableness when confronting the officer's actions. Defendant principally relies on *Mantelli*. However, *Mantelli* is not applicable to this case. In *Mantelli*, a police officer was the defendant, charged with shooting and killing a fleeing suspect. 2002-NMCA-033, ¶¶ 3, 6. The officer's actions were at issue in the case, and, in order to decide whether the officer was entitled to a justifiable homicide instruction, this Court had to determine "whether a jury could find that [the officer] had probable cause to

believe [the victim] posed a threat of serious harm or deadly force to him or [another officer], and that the use of deadly force was necessary to avert the threat." *Id.* ¶ 31. Additionally, Defendant cites to NMSA 1978, Section 30-2-6 (1989), which is a justifiable homicide defense available to public officers and public employees. It is not available to Defendant. Moreover, the district court instructed the jury on self-defense and Defendant's right to self-defense against a police officer who uses excessive force. The jury was able to address Defendant's arguments that the officers acted unlawfully. There was no fundamental error in the jury instructions in this case.

**PROSECUTORIAL MISCONDUCT**

Defendant, in a heading in his brief in chief, asserts that prosecutorial misconduct requires reversal and states several bases for his conclusion. With the exception of one sentence in the argument section of his brief in chief concerning the prosecutor's discussion about gangs, Defendant only discusses authorities in his argument. Although he discusses facts that apparently pertain to his argument in his discussion of the procedural background of the case earlier in his brief in chief, Defendant does not connect the authorities he discusses in his argument with facts that might support his argument. We decline to address these arguments that Defendant has not properly developed. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to address unclear and undeveloped

arguments).  Moreover, headings in briefs alone are not argument.  *See State v. Boergadine*, 2005-NMCA-028, ¶ 34, 137 N.M. 92, 107 P.3d 532 ("As [the d]efendant only mentions issues three and four in a heading, but makes no further reference to or argument about these issues, we will not address them.").

As to Defendant's reference to gangs, Defendant argued that the "prosecutor's blatant resort to discussions about gangs, against the trial court's orders, clearly was evidence which improperly appeals to the passions and prejudices of the jury [and] should be excluded."  Defendant does not cite to the record or explain the discussions that he references.  Again, we will not address Defendant's undeveloped argument.  *See Headley*, 2005-NMCA-045, ¶ 15.

**DOUBLE JEOPARDY**

Defendant lastly contends that his convictions and sentences for both aggravated assault with intent to kill and aggravated battery with a deadly weapon with respect to Officer Devore, as well as his convictions and sentences of aggravated assault on a police officer with intent to kill, violated principles of double jeopardy.

As to Officer Devore, Defendant argues that under *State v. Mora*, 1997-NMSC-060, ¶ 64, 124 N.M. 346, 950 P.2d 789, *abrogated on other grounds as recognized by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, __ N.M. __, __ P.3d __, "the assault on [O]fficer Devore was subsumed in the battery conviction."  *Mora* is not on point

because the double jeopardy violation in the case involved multiple punishments for felony murder and intentional child abuse resulting in death. *Id.* To determine whether there is a double jeopardy violation for multiple punishments, we must first analyze "whether the conduct underlying the offenses is unitary." *Swafford v. State*, 112 N.M. 3, 13, 810 P.2d 1223, 1233 (1991). Defendant has not, however, stated the basis for his contention, stating only his conclusion that the assault was subsumed within the battery conviction. We again decline to address his undeveloped argument. *See Headley*, 2005-NMCA-045, ¶ 15.

As to the other officers, Defendant cites *State v. LeFebre*, 2001-NMCA-009, 130 N.M. 130, 19 P.3d 825, and contends that, under *LeFebre*, he "should face only one assault charge for his unitary actions as against all of the officers who were not injured." In *LeFebre*, this Court held that a defendant's actions in leading police in a high-speed car chase and subsequently fleeing on foot constituted a single act of fleeing for double jeopardy purposes. *Id.* ¶ 18. Again, Defendant has not asserted the facts that support his conclusionary statement. We also decline to address this argument. *See Headley*, 2005-NMCA- 045, ¶ 15.

**CONCLUSION**

We affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

_____
**LINDA M. VANZI, Judge**