This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 30,414**

**CHRIS SERVANTEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVEZ COUNTY**
**Charles Cruse Currier, District Judge**

Gary K. King, Attorney General
Nicole Beder, Assistant Attorney General
Santa Fe, NM

for Appellee

The Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1} Defendant Chris Servantez appeals his convictions for attempt to commit second degree murder and shooting at or from a motor vehicle resulting in personal injury. In a previous memorandum opinion, this Court affirmed Defendant's convictions. *See State v. Servantez*, No. 30,414, mem. op. (N.M. Ct. App. Dec. 8, 2010) (non-precedential). Defendant petitioned the New Mexico Supreme Court for review of that decision. The Supreme Court granted Defendant's petition and held the case in abeyance pending the disposition of *State v. Montoya*, No. 32,279, and *State v. Franco*, No. 32,605. On May 16, 2013, our Supreme Court issued an opinion in *State v. Montoya*, 2013-NMSC-020, 306 P.3d 426, *overruling State v. Gonzales*, 1992-NMSC-003, 113 N.M. 221, 824 P.2d 1023, *State v. Dominguez*, 2005-NMSC-001, 137 N.M. 1, 106 P.3d 563, and *State v. Riley*, 2010-NMSC-005, 147 N.M. 557, 226 P.3d 656. Subsequently, the Supreme Court quashed the writ of certiorari in this case and remanded it to this Court for further proceedings in light of its decision in *Montoya*. This Court reconsidered its prior decision in light of the Supreme Court's mandate and issued a calendar notice proposing to reverse one of Defendant's convictions. The State has filed a memorandum in opposition to this proposed disposition. As we remain unpersuaded by the State's arguments, we reverse.

{2} In this Court's calendar notice, we noted that our Supreme Court concluded in *Montoya* that convictions arising from unitary conduct for both voluntary

manslaughter and shooting at or from a vehicle resulting in great bodily harm violated double jeopardy. We further noted that, in doing so, our Supreme Court reasoned that it could

> no longer conclude that the Legislature intended that [the d]efendant should receive more than the maximum punishment it determined appropriate for either a drive-by shooting or a completed homicide, taking into consideration the relationship between the statutory offenses and their common commission by unitary conduct, the identical social harms to which they are directed, and their use by the [s]tate in this case to impose double punishment for the killing of a single victim.

2013-NMSC-020, ¶ 52.

{3}     Although we noted that this case provided a slight variation on the facts of *Montoya*, we proposed to conclude that the distinction between an attempted homicide and an actual homicide did not provide this Court with a basis for distinguishing *Montoya*. Specifically, we relied on our Supreme Court's recent decision in *State v. Swick*, overruling its holding in *State v. Armendariz*, 2006-NMSC-036, 140 N.M. 182, 141 P.3d 526, that double jeopardy was not violated when unitary conduct gave rise to convictions for both attempted murder and aggravated battery, because the Legislature was "punishing the state of mind in attempted murder and punishing actual harm in aggravated battery." *Swick*, 2012-NMSC-018, ¶ 16, 279 P.3d 747 (citing *Armendariz*, 2006-NMSC-036, ¶ 25). Given *Swick*'s rejection of *Armendariz*'s approach of viewing the social evil of attempt crimes differently because they address

3

mental state rather than actual harm, we proposed to conclude that *Montoya*'s holding would apply to Defendant's convictions for both attempted second-degree murder and shooting at or from a motor vehicle.

{4}     The State has responded by arguing that the one-death-one-homicide principle was integral to *Montoya*'s decision to overrule prior precedent, and as a result the battery holding in *State v. Dominguez*, 2005-NMSC-001, 137 N.M.1, 106 P.3d 563, and the assault holdings in *State v. Sosa*, 1997-NMSC-032, 123 N.M. 564, 943 P.2d 1017, and *State v. Highfield*, 1992-NMCA-020, 113 N.M. 606, 830 P.2d 158, are still good law. [MIO 8] Regardless of whether these cases were overruled by our Supreme Court in *Montoya*, the cases are distinguishable as this case does not involve a conviction for aggravated battery or assault. It remains unclear from the State's memorandum in opposition how "the continued validity of the battery holding in *Dominguez*" [MIO 11] binds this Court with respect to our proposed determination that attempted murder should be treated the same as the voluntary manslaughter conviction in *Montoya*. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."); *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683("Our courts have repeatedly held that, in summary

4

calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{5}     Accordingly, for the reasons stated in this Court's notice of proposed disposition, we reverse and remand for one of Defendant's convictions to be vacated. As explained in this Court's notice of proposed disposition, "we express no opinion as to which alternative conviction would need to be vacated." *See State v. Mercer*, 2005-NMCA-023, ¶ 29, 137 N.M. 36, 106 P.3d 1283 ("As both the fraud and embezzlement offenses are the same degree felonies, we express no opinion as to which alternative conviction would need to be vacated.").

{6}     **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**MICHAEL E. VIGIL, Judge**