This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**SHARON RUSSELL,**

        **Petitioner-Appellant,**

    **v.**                                     **No. 34,499**

**GLENDA COOK, PERSONAL REPRESENTATIVE**

        **Respondent-Appellee,**

**IN THE MATTER OF THE ESTATE OF**
**DIANA RUSSELL, DECEASED.**

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Eric D. Dixon
Portales, NM

for Appellant

Stephen E. Doerr
Portales, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}    Petitioner appeals the district court's decision upholding the validity of

Decedent Diana Russell's will and refusing to find that a breach of fiduciary duty occurred prior to Decedent's death. We issued a notice of proposed disposition proposing to affirm, and Petitioner has responded with a memorandum in opposition. We have considered the arguments raised in that memorandum; however, we continue to believe summary affirmance is appropriate in this case. We therefore affirm the district court's decision.

{2}     In our notice we admonished counsel for Petitioner, pointing out that the docketing statement recited only evidence favorable to Petitioner's position, while omitting virtually all of the evidence that appeared to support the district court's decision. The memorandum in opposition suffers from the very same deficiency. Petitioner does not contend that the substantial amount of evidence discussed in the notice, which is favorable to the district court's decision, was not in fact presented at trial. Instead, she again recites at length the evidence that would have supported a contrary result had the district court chosen to credit it. We see no reason to again review all of the evidence we have already analyzed in the notice of proposed summary disposition. We simply reiterate the point made in that notice, that we must view the evidence in the light most favorable to the district court's decision, disregarding all evidence that conflicts with that decision. *See Jones v. Schoellkopf*, 2005-NMCA-124, ¶ 8, 138 N.M. 477, 122 P.3d 844. Doing so, for the reasons stated

in the notice and because Petitioner has insufficiently contested those reasons, we hold there was substantial evidence supporting the district court's decision concerning Decedent's competency to execute her will, as well the decision refusing to find a breach of fiduciary duty by Glenda Cook. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (pointing out that a party opposing summary disposition must specifically point out error in fact or law in the notice of proposed disposition).

{3}     With respect to the breach-of-fiduciary-duty issue, we note one new argument made in the memorandum in opposition concerning that claim. Petitioner argues that Ms. Cook breached her fiduciary duty "as a matter of law" by Ms. Cook's "failure to account for the money spent" by Decedent during the last months of her life. [MIO 12] Petitioner makes this argument in the face of Ms. Cook's testimony, to which we pointed in our notice, to the effect that every check she wrote for Decedent was done at Decedent's direction and in Decedent's presence, and that she had no idea what Decedent had done with the funds she obtained by writing checks to "cash." By claiming that Ms. Cook had a responsibility to "account for the money spent" by Decedent, Petitioner seems to be arguing that a person who has a power of attorney granted by another, and therefore owes a fiduciary duty toward the other person, has a legal responsibility to act as a guardian of that person. In other words, Petitioner

3

appears to maintain that Ms. Cook had a duty not just to write checks in accordance with Decedent's instructions, but also to prevent Decedent from wasting her own assets by having Ms. Cook write questionable checks or excessive numbers of checks to obtain cash, which was then unaccounted for.

{4}     We know of no authority, and Petitioner has cited none, for the proposition that a person holding a power of attorney and writing checks at the direction of another person has a duty to ensure that the other person's money is well-spent. A person who owes a fiduciary duty toward someone else has a duty of loyalty to that person, which primarily includes a duty not to profit at the other person's expense. *See, e.g., Walta v. Gallegos Law Firm, P.C.*, 2002-NMCA-015, ¶ 41, 131 N.M. 544, 40 P.3d 449; *Moody v. Stribling*, 1999-NMCA-094, ¶ 27, 127 N.M. 630, 985 P.2d 1210. In this case there is no evidence that Ms. Cook enriched herself in any way with Decedent's assets. Instead, Petitioner complains that Ms. Cook allowed Decedent to pay money to third parties, and to write checks for excessive amounts of cash, with no evidence that any of that cash found its way into Ms. Cook's pockets. Petitioner has not done enough to develop her "breach of fiduciary duty as a matter of law" argument, and we will not perform Petitioner's research for her. We therefore decline to address this argument. *See Headley v. Morgan Mgmt. Corp.,* 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that this Court will not consider unclear or undeveloped

4

arguments).

{5}     Based on the foregoing and upon the analysis set out in the notice of proposed disposition, we affirm the district court's decision.

{6}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**LINDA V. VANZI, Judge**