This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38030**

**AUI, INC., a New Mexico Corporation,**

Plaintiff-Appellant,

v.

**NEW MEXICO DEPARTMENT OF TRANSPORTATION,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah Singleton, District Judge**

Calvert Menicucci, P.C.
Sean R. Calvert
Albuquerque, NM

for Appellant

Stelzner, Winter, Warburton, Flores & Dawes, P.A.
Juan L. Flores
Jaime L. Dawes
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** AUI, Inc. (AUI) appeals from a district court judgment, following a bench trial, entered in favor of Plaintiff, the New Mexico Department of Transportation (NMDOT), on AUI's breach of contract claim. AUI asserts that the district court erred by (1) concluding that NMDOT had not, as a matter of law, waived its entitlement to liquidated damages by issuing change orders requiring the performance of additional work after the

contractual completion date had passed; and (2) concluding that liquidated damages for delays occurring after the contractual completion date were properly apportioned between AUI and NMDOT. We conclude that AUI's arguments do not warrant review on the merits and therefore affirm. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them. This creates a strain on judicial resources and a substantial risk of error." (citation omitted)); *see also Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701; *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076.

**{2}** First, AUI contends that, by issuing change orders requiring the performance of additional work after the contractual completion date had passed, NMDOT waived its entitlement to recover delay-related liquidated damages for any period of delay preceding the issuance of those orders. AUI's entire argument appears[1] to rest on the premise that NMDOT impermissibly assessed liquidated damages for the period of time necessary to perform the additional work NMDOT ordered. But the district court found, in accordance with the concededly binding facts[2] set forth in the pretrial order, that "NMDOT ha[d] not assessed liquidated damages against AUI in connection with any of the change orders that added new work to the project." That is equivalent to finding that NMDOT granted AUI reasonable time extensions for each change order requiring the performance of additional work where additional time was necessary to perform that work.

**{3}** Although AUI cites a number of precedential and non-precedential cases in which courts in numerous other jurisdictions have, over the course of the last century or so, held that a party waived its entitlement to liquidated damages, it fails to explain how those cases apply to a situation where a party issues change orders after the contractual completion date but gives the contractor time extensions to complete the additional work. Because AUI's entire argument on this issue (which we note contains little discussion of the vast majority of the out-of-jurisdiction cases upon which it rests) is based on a mischaracterization of the record and lacks any analysis of the law applicable to the actual facts, we decline to review it.

---

1It is not entirely clear to us whether AUI is arguing that a party to a construction contract that gives it the right to recover liquidated damages for delays caused by a contractor can *never* recover liquidated damages for any such delay preceding the issuance of a change order—i.e., that the party must either insist upon performance of the original contract, no matter its language, its adequacy, or whether it contemplates that the work may need to be altered, or forgive all preceding delays, no matter how egregious. To the extent AUI does make such an argument, the argument appears unsupported and, in any event, it too is insufficiently developed for review.

2AUI challenges one of the district court's findings of fact—that NMDOT "did not assess any further liquidated damages once AUI had achieved substantial completion." But AUI nowhere explains the import of this finding in its argument that NMDOT waived its entitlement to liquidated damages entirely and, other than asserting that "pursuant to the contract and the law NMDOT could not assess liquidated damages following substantial completion[,]" provides no explanation of the finding's significance. We decline to guess at either and accordingly find it unnecessary to determine whether AUI's attack on the finding has merit.

**{4}** AUI contends in the alternative that, even if it is permissible for a party that issues change orders to recover liquidated damages for a contractor's delay prior to the issuance of those orders, NMDOT could not do so in this case because the parties' contract did not permit liquidated damages to be apportioned.[3] But AUI's argument on this issue, while accompanied by citations to and rudimentary discussion of authority, in reality consists merely of a recitation of an isolated contract provision in its brief in chief, and an assertion, made in reply to NMDOT's reliance on a different contract provision in its answer, that the provision on which NMDOT relies fails to allocate responsibility for delays with sufficient specificity to come within the scope of the authority on which AUI relies. We decline to review this issue, not least because AUI has presented no meaningful analysis of the text of the parties' contract insofar as it pertains to time extensions.

**CONCLUSION**

**{5}** We affirm.

**{6}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**

---

3AUI also appears to argue that NMDOT either inaccurately apportioned periods of delay attributable to AUI and NMDOT or failed to comply with the contractually mandated procedures for granting time extensions for additional work required by change orders. The first argument is meritless in view of the district court's binding findings of fact; the second, too poorly developed to merit our review.