This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**VENNESSA ARBELAEZ, individually, and as Natural Parent and Next Friend of JEREMIAH SINGLETON, a minor, and as Personal Representative of the Estate of JENESSA ARBELAEZ, deceased; and OMAR ARBELAEZ, individually, and as Personal Representative of the Estate of NORA ARBELAEZ, deceased,**

   **Plaintiffs-Appellants,**

  **vs.**        **No. 32,526**

**JEREMY SINGLETON, deceased, and AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,**

   **Defendants-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Carter & Valle Law Firm, P.C.
Richard J. Valle
Criostoir O'Cleireachain
Albuquerque, NM

for Appellants

Montgomery & Andrews, P.A.
Sean E. Garrett

Paul E. Houston

Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Plaintiffs, Vennessa Arbelaez and Omar Arbelaez, individually and in various representative capacities, appeal from the district court's order denying their motion for relief from judgment. [RP 136, DS 3] We issued a notice proposing to affirm, and Plaintiffs filed a memorandum in opposition. We remain unpersuaded by Plaintiffs' arguments and affirm the decision of the district court.

**BACKGROUND**

**{2}** On November 26, 2006, Jeremy Singleton was driving a vehicle with multiple passengers in Douglas County, Colorado, when he struck a deer in the middle of the roadway, causing the vehicle to roll over. [RP 3, 70] Jeremy Singleton and Jennessa Singleton, a minor, were killed in the accident. [RP 3, DS 1] Nora Arbelaez sustained serious injuries, ultimately resulting in her death. [RP 3, DS 1] Vennessa Arbelaez, Omar Arbelaez, and Jeremiah Singleton, a minor, sustained serious injuries. [RP 3-4, DS 1]

**{3}** On November 4, 2008, Plaintiffs filed a complaint in state district court against Jeremy Singleton and American National Property and Casualty Company (ANPAC),

seeking to recover damages for wrongful death and personal injuries. [RP 1] The parties stipulated that, under the applicable insurance policies, $500,000 was available for liability coverage and $150,000 was available for uninsured/underinsured motorist (UM/UIM) coverage. [RP 9, MIO 5-6] The parties entered into a settlement pursuant to which ANPAC agreed to pay $650,000 to Plaintiffs. [MIO 6] The district court entered an order approving the settlement, and the case was dismissed with prejudice by order dated November 25, 2008. [RP 24, 26]

{4} On April 18, 2011, counsel for Plaintiffs sent a letter to ANPAC stating that Plaintiffs intended to make a claim for additional insurance benefits pursuant to two decisions from our Supreme Court. *See Progressive Nw. Ins. Co. v. Weed Warrior Servs.*, 2010-NMSC-050, ¶¶ 13-15, 149 N.M. 157, 245 P.3d 1209 (holding that insurers must affirmatively offer UM/UIM coverage in an amount equal to the policy's liability limits and an insured's decision to purchase a lesser amount of UM/UIM coverage constitutes a rejection); *Jordan v. Allstate Ins. Co.*, 2010-NMSC-051, ¶¶ 22-24, 149 N.M. 162, 245 P.3d 1214 (holding that, if an insurer does not obtain a valid rejection of UM/UIM coverage, the policy will be reformed to provide UM/UIM coverage equal to the policy limits). [RP 72]

{5} On May 23, 2011, ANPAC filed a declaratory judgment action in federal district court, seeking a declaration that Plaintiffs were bound by the terms of the settlement agreement. [RP 69, 73] On June 20, 2011, Plaintiffs filed a complaint

3

against ANPAC in state district court based on ANPAC's failure to reform the insurance policy at issue to provide greater UM/UIM coverage. [RP 73-74] ANPAC removed this case to federal district court on July 11, 2011, and on September 8, 2011, the federal district court consolidated ANPAC's declaratory judgment action and Plaintiffs' action. [RP 74] On March 19, 2012, the federal district court granted summary judgment in favor of ANPAC, concluding that although *Jordan* applies retroactively, it cannot provide a basis for reopening the final judgment or the settlement agreement in this case. [RP 76-82, 128-32]

{6}     On May 4, 2012, Plaintiffs filed a motion for relief from judgment in state district court pursuant to Rule 1-060(B) NMRA. [RP 51] Plaintiffs sought to set aside the settlement on the grounds that it was inequitable in light of *Weed Warrior Services* and *Jordan*. [RP 51-53] Following a hearing, the district court issued an order denying Plaintiffs' motion for relief from judgment. [RP 136] The district court explained that it would have granted Plaintiffs' motion "but for the collateral estoppel effect of Judge James A. Parker's granting of summary judgments against Plaintiffs in the [federal action.]" [RP 136]

**DISCUSSION**

{7}     Plaintiffs continue to argue that the district court erred in denying their Rule 1-060(B) motion for relief from judgment. We generally review a district court's ruling under Rule 1-060(B) for an abuse of discretion. *See Edens v. Edens*, 2005-NMCA-

4

033, ¶ 13, 137 N.M. 207, 109 P.3d 295. However, where the issue is one of pure law, our review is de novo. *Id.* The question presented here is a question of law, as the facts are not in dispute. *See Rosette, Inc. v. United States Dep't of the Interior*, 2007-NMCA-136, ¶ 31, 142 N.M. 717, 169 P.3d 704 ("When the facts are not in dispute, the preclusive effect of a prior judgment is a question of law reviewed de novo."). Thus, our review is de novo.

**{8}** Collateral estoppel "operates to bar the relitigation of ultimate facts or issues actually and necessarily determined in the previous litigation." *Id.* ¶ 39.

> The four elements of collateral estoppel are (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Id.* (internal quotation marks and citation omitted). In their memorandum in opposition, Plaintiffs contend the federal court action was not finally adjudicated on the merits because the federal district court lacked subject matter jurisdiction. [MIO 8-9, 11]

**{9}** We will not allow Plaintiffs to challenge the subject matter jurisdiction of the federal district court in this proceeding. In *State ex rel. Children, Youth & Families Department v. Andree G.*, we explained that "our appellate decisions [subsequent to a case decided in 1937] have held that a party may not collaterally attack a final

5

judgment on subject matter jurisdiction grounds when the party had the opportunity to challenge subject matter jurisdiction during the original action." 2007-NMCA-156, ¶ 20, 143 N.M. 195, 174 P.3d 531. In *Andree G.*, we quoted the Restatement (Second) of Judgments § 12 (1982) for "the proper test to be applied to a challenge of subject matter jurisdiction in a collateral proceeding[.]" *Andree G.*, 2007-NMCA-156, ¶ 21. The Restatement provides:

> When a court has rendered a judgment in a contested action, the judgment precludes the parties from litigating the question of the court's subject matter jurisdiction in subsequent litigation except if:
>
> (1) The subject matter of the action was so plainly beyond the court's jurisdiction that its entertaining the action was a manifest abuse of authority; or
>
> (2) Allowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government; or
>
> (3) The judgment was rendered by a court lacking capability to make an adequately informed determination of a question concerning its own jurisdiction and as a matter of procedural fairness the party seeking to avoid the judgment should have opportunity belatedly to attack the court's subject matter jurisdiction.

*Id.* ¶ 21 (quoting Restatement (Second) of Judgments § 12 (1982)). Plaintiffs do not argue that this case falls within one of these three exceptions, and we will not make their argument for them. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be.").

6

{10} Plaintiffs also contend the district court "improperly disregarded its role as a court of a separate sovereign with inherent power independent of the federal district court." [MIO 15] They cite numerous cases discussing general principles of sovereignty, but none support their argument here. Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984).

{11} Our Supreme Court has recognized that "in deciding whether to apply the doctrine of collateral estoppel, the trial judge may determine that its application would be fundamentally unfair and would not further the aim of the doctrine, which is to prevent endless relitigation of issues." *Silva v. State*, 106 N.M. 472, 474, 745 P.2d 380, 382 (1987). The district court did not determine that the application of the doctrine of collateral estoppel would be fundamentally unfair here. On the contrary, the district court judge concluded that the doctrine of collateral estoppel bars Plaintiffs from re-litigating the question of whether the underlying case, which was dismissed with prejudice in 2008, should be re-opened. We agree with the district court's conclusion and its reasoning.

**CONCLUSION**

{12} For the reasons stated above and in our previous notice, we affirm the district court's denial of Plaintiffs' motion for relief from judgment.

7

{13}    **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**M. MONICA ZAMORA, Judge**