This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES, FIRST HORIZON PASS-THROUGH CERTIFICATES SERIES FHAMS 2006-AA6, BY FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK NATIONAL ASSOCIATION MASTER SERVICER, IN ITS CAPACITY AS AGENT FOR THE TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT,**

**Plaintiff-Appellee,**

**vs.**                                                    **No. 33,208**

**FLORIANA VENETICO,**

**Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Cavin & Ingram, P.A.

Stephen D. Ingram
Albuquerque, NM

for Appellee

Richard S. Mackenzie
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant appeals the district court's grant of summary judgment to Plaintiff in this foreclosure case. We issued a second notice of proposed disposition proposing to affirm, and Defendant responded with a memorandum in opposition. We have carefully considered the arguments raised in that memorandum. However, for the reasons stated below, we continue to believe the first and second notices of proposed disposition correctly analyzed the issues and should be followed. We therefore affirm the judgment entered by the district court in this case, for the reasons stated below as well as those discussed in the notices.

{2}     In the second notice of proposed disposition we relied heavily on our assumption that the original lender, First Horizon Home Loan Corporation (FHHLC), is also the Plaintiff in this case, denominated as "First Horizon Home Loans, a division of First Tennessee Bank, N.A." We did not view the absence of the word

"Corporation" from Plaintiff's title as significant or as altering in any way Plaintiff's right to enforce the note. In response, Defendant does not argue that FHHLC and Plaintiff are in fact different legal entities; instead, she argues only that "the record of this case is devoid" of any evidence or facts supporting that proposition. [2d MIO 2-8]

{3} Defendant did not raise this specific argument in the district court. She did mention in passing, in an affidavit, that "[i]n 2005 a promissory note was filed by a company (First Horizon Home Loan Corporation) which does not appear as a party in this action." [RP 168] However, she did so only to support her argument that Plaintiff had not shown that the note it was attempting to enforce was the same note that Defendant signed in 2005. [RP 163] Defendant did not argue, as she does now, that Plaintiff had no standing because it had not established that it had the right to enforce the note at the time it filed this action. Thus, she did not alert Plaintiff to the necessity of providing proof of its legal status *vis a vis* FHHLC during the proceedings below, and Plaintiff therefore had no occasion to do so. In similar circumstances, we have held that if the record on appeal allows a reasonable inference that an entity has standing to maintain an action, and there is no evidence to the contrary, this Court can presume that the entity did in fact have the requisite standing. *Los Vigiles Land Grant v. Rebar Haygood Ranch, LLC*, 2014-NMCA-017, ¶¶ 10, 20, 317 P.3d 842. Given the close similarity in names between FHHLC and Plaintiff, and the lack of any evidence

3

to the contrary in the record below, we may presume Plaintiff has the same legal rights as FHHLC to enforce the promissory note in question here.

{4}     Furthermore, unlike Defendant, we have researched this question and have discovered that Plaintiff does indeed have the legal right to enforce promissory notes arising out of loans made by FHHLC.[1] Plaintiff is a division of First Tennessee Bank, N.A., and a successor in interest by merger to FHHLC, a fact that has been pointed out by many courts. *See, e.g., In re Weisband*, BAP Nos. AZ-10-1239, AZ-10-1267-PaJuMk, 2011 WL 3303453, at *1 n.3 (BAP 9th Cir. June 13, 2011) (noting that First Horizon Home Loans, a division of First Tennessee Bank National Association, is the successor by merger to FHHLC as a result of a merger occurring in 2007); *Barlee v. First Horizon Nat'l Corp.*, No. 12-3045, 2013 WL 1389747, at *1 n.1 (E.D. Pa. April 15, 2013); *Diaz v. First Horizon Home Loan Corp.*, No. 12-178 ML, 2012 WL 4855202, at *1 n.1 (D. R.I. Oct. 12, 2012); *First Horizon Bank v. Moriarity-Gentile*,

---

[1]We presume counsel for Defendant simply failed to research the question of FHHLC's identity as it relates to Plaintiffs. Otherwise, given the undisputed facts we discuss below, we would have to conclude that counsel acted in a highly unprofessional manner in falsely suggesting to this Court that Plaintiff is a separate legal entity from FHHLC such that it does not have the right to enforce promissory notes made payable to FHHLC. If counsel did know the facts we discuss, it was disingenuous to repeatedly state that the record is devoid of evidence of the connection between Plaintiff and FHHLC, all the while knowing the true situation. *See, e.g.,* Rule 16-303(A) NMRA (discussing an attorney's duty of candor toward a tribunal). We prefer to believe counsel's error was one of omission rather than an affirmative attempt to mislead.

4

No. 10-CV-0289 (KAM) (RER), 2012 WL 4481509, at *1 n.1 (E.D. N.Y. Aug. 17, 2012). The fact that Plaintiff is now a division of First Tennessee Bank, rather than a subsidiary corporation as it was previously, has no impact on Plaintiff's ability to enforce the promissory note and mortgage. *See, e.g., Bank of New York v. Romero*, 2014-NMSC-007, ¶ 17, 320 P.3d 1 (recognizing that a successor in interest to a party to a contract has standing to maintain suit on that contract). Therefore, Defendant's objections to our reliance on Plaintiff's status as the original lender and original holder of the note and mortgage are without merit and provide no grounds for departing from the analysis contained in the second notice of proposed disposition. Given Plaintiff's legal status in this case, we reject Defendant's arguments concerning real-party-in-interest and standing, for the reasons stated in the second notice of proposed summary disposition.

{5}     The other major argument contained in Defendant's second memorandum in opposition is a renewed attack on the admissibility of Tiera Thune's affidavit, including a claim that the affidavit is insufficient to authenticate the promissory note, mortgage, and mortgage assignment that are central to this case. The district court rejected Defendant's challenge to the affidavit, [RP 188] and we have twice proposed to do the same. In response to our last proposal, Defendant again raises a number of objections to the sufficiency of the affidavit, without citing a single case in support of

any of those objections. [2d MIO 10-13] Where no authority is cited, this Court may presume no such authority exists. *City of Eunice v. State of N.M. Taxation & Revenue Dep't*, 2014-NMCA-085, ¶ 17, 331 P.3d 986, *cert. denied*, 2014-NMCERT-007, 331 P.3d 923, and *cert. granted*, 2014-NMCERT-008, 334 P.3d 425. Furthermore, it is not this Court's duty to attempt to discern the legal basis for Defendant's arguments. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (holding that this Court has no duty to review an argument that is not adequately developed). We therefore affirm on the question of the admissibility and sufficiency of the Thune affidavit, for the reasons stated in the first and second notices of proposed disposition.

{6} Defendant raises another argument that is not supported by any cited authority: a claim that the original 2005 mortgage contained no legal description of the property, and that this somehow legally prevented Plaintiff from having the ability to foreclose on the mortgage, because Plaintiff subsequently re-recorded a mortgage that contained the originally-missing legal description. [2d MIO 8-9] Once again, where no authority is cited in support of an argument, we presume there is no such authority, and we affirm on that basis. *See City of Eunice*, 2014-NMCA-085, ¶ 17. Also, we note that the district court found there were no disputed facts regarding this issue— the original mortgage omitted the legal description of the property (although it did contain the

physical address of the property [RP 9]), and the mortgage was subsequently re-recorded to add the legal description. [RP 188] Defendant has never presented any evidence or legal authority indicating that either the original mortgage or the re-recorded mortgage do not secure the promissory note she entered into in exchange for the mortgage loan she received. Plaintiff was therefore properly granted summary judgment on this issue.

{7}	Without any citation to the record or to legal authority, Defendant also makes a cursory argument to the effect that no evidence was presented to show that Plaintiff owned the mortgage at the time this lawsuit was initiated; she maintains this is a "glaring jurisdictional defect." [2d MIO 9] Again, we decline to develop Defendant's argument for her. *See Headley*, 2005-NMCA-045, ¶ 15. We do note that Plaintiff was the original mortgagee on the mortgage, and the record also contains an assignment of the mortgage to Plaintiff dated January 11, 2010, nine days before the first complaint was filed in this case. [RP 30] We therefore reject this argument.

{8}	Based on the foregoing discussion as well as the analyses set out in the first and second notices of proposed disposition, we hold that Plaintiff had standing to enforce both the promissory note and the mortgage at issue in this case at the time this lawsuit was initiated. We also hold the district court properly granted summary judgment to Plaintiff, and therefore affirm the district court's decision.

{9}    **IT IS SO ORDERED.**


                                         _____
                                         **J. MILES HANISEE, Judge**


**WE CONCUR:**



_____
**MICHAEL D. BUSTAMANTE, Judge**



_____
**LINDA M. VANZI, Judge**