This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**THE BANK OF NEW YORK MELLON f/k/a**
**THE BANK OF NEW YORK, as Trustee**
**for THE CERTIFICATEHOLDERS OF**
**CWMBS, INC., CHL MORTGAGE PASS-**
**THROUGH TRUST 2001-15 MORTGAGE**
**PASS-THROUGH CERTIFICATE SERIES**
**2007-15,**

    Plaintiff-Appellee,

**v.**                                             **No. A-1-CA-36853**

**TOBY P. GARCIA; BEATRICE GARCIA;**
**NEW MEXICO BANK & TRUST;**
**MORTGAGE ELECTRONIC REGISTRATION**
**SYSTEMS, INC. (solely as a nominee for lender**
**and lenders' successors and assigns),**

    Defendants,

**and**

**MATT MCDONALD, as Trustee for THE**
**3 QUIET LANE TRUST,**

    Proposed Intervenor-Appellant.

**APPEAL FROM THE DISTRICT COURT SANDOVAL COUNTY**
**John F. Davis, District Judge**

Weinstein & Riley, P.S.
Jason Bousliman
Albuquerque, NM

for Appellee
Patrick Lopez
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Proposed Intervenor-Appellant Matt McDonald, as Trustee for the 2 Quiet Lane Trust (McDonald) appeals from the district court's denial of his motion to reconsider denial of his motion to intervene. [DS unnumbered 2] We issued a notice proposing to affirm. [CN 1, 5] McDonald has filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

{2}     McDonald continues to argue his motion to intervene should not have been denied on timeliness grounds. [MIO 1-2] In support, McDonald cites *Cooper v. Albuquerque City Commission*, 1974-NMSC-006, ¶ 22, 85 N.M. 786, 518 P.2d 275, in which our Supreme Court held the district court did not err in granting intervention where the intervenor filed his motion after the conclusion of the trial but before entry of the final judgment. Unlike in *Cooper*, however, McDonald filed his motion to intervene eight months after entry of the final judgment of foreclosure. [1 RP 213, 2

2

RP 253] Also unlike the facts of *Cooper*, McDonald fails to demonstrate the existence of any relationship between the parties which would have indicated to McDonald his interests were being protected during the foreclosure litigation obviating a need to intervene sooner. *See id.* ¶ 21. This Court has no duty to review an argument that is not adequately developed. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain a cursory argument that included no explanation of the party's argument and no facts that would allow this Court to evaluate the claim); *see also Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)). We therefore conclude McDonald has not demonstrated the district court abused its discretion in denying his motion to intervene.

{3}     McDonald also continues to argue his counsel's new knowledge of a "No Deficiency Agreement" between McDonald, as trustee, and the former homeowner constitutes newly discovered evidence justifying reconsideration of his motion to intervene. [MIO 3] We first note the agreement, along with the quitclaim deed, was executed March 9, 2015, approximately a month after entry of the foreclosure judgment and seven months before the motion to intervene. [2 RP 289-91] Thus, we suggest the existence of the agreement, apparently signed by McDonald, himself, was

3

not newly discovered evidence McDonald's counsel could not have found through the exercise of due diligence. Moreover, McDonald's memorandum in opposition does not adequately explain how the creation of the agreement and any resulting relationship would have affected the outcome of the foreclosure proceedings such that intervention was justified. *See Elane Photography, LLC*, 2013-NMSC-040, ¶ 70. We therefore conclude McDonald has not demonstrated the district court erred in denying the motion to reconsider.

{4}     Accordingly, for the reasons explained in our notice of proposed disposition and herein, we affirm.

{5}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**HENRY M. BOHNHOFF, Judge**


_____
**STEPHEN G. FRENCH, Judge**