**HUNT V. ST. JOHN HEALTHCARE**

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**LEE HUNT, as Personal Representative, of the ESTATE OF JOHN EDWARD, BOWEN, Deceased, and KATHERYN CRAIGHHEAD, DAVID WILLIAM BOWEN, and JOHN CHRISTOPHER BOWEN,**
**Plaintiffs-Appellees,**
**v.**
**ST. JOHN HEALTHCARE and REHABILITATION CENTER, LLC,**
**Defendant-Appellant,**
**and GERIATRICS ASSOCIATES, P.C.,**
**Defendant.**

Docket No. A-1-CA-36874
COURT OF APPEALS OF NEW MEXICO
April 2, 2019

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY, Raymond Z. Ortiz, District Judge

**COUNSEL**

Scott Eugene Borg, Albuquerque, NM, for Appellees

Quintairos, Prieto, Wood & Boyer, P.A., Frank Alvarez, Dallas, TX, for Appellant.

**JUDGES**

J. MILES HANISEE, Judge. WE CONCUR:  JENNIFER L. ATTREP, Judge , MEGAN P. DUFFY, Judge

**AUTHOR:** J. MILES HANISEE

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}**     St. John Healthcare and Rehabilitation Services (Defendant) appeal from the district court's order denying their motion to compel arbitration. Defendant has raised three issues on appeal challenging the district court's determination that John Bowen

(Decedent) was not competent to sign the arbitration agreement. This Court issued a calendar notice proposing to affirm and Defendant has filed a memorandum in opposition to our notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In this Court's calendar notice, we directed Defendant to the general rule that "the arbitrability of a particular dispute is a threshold issue to be decided by the district court unless there is clear and unmistakable evidence that the parties decided otherwise under the terms of their arbitration agreement." *Felts v. CLK Mgmt., Inc.*, 2011-NMCA-062, ¶ 17, 149 N.M. 681, 254 P.3d 124. While we observed in our notice of proposed disposition that the arbitration agreement included a delegation provision providing "that any controversy or claim arising out of or relating in any way, directly or indirectly, to one or more [d]isputes, including the enforceability of this [a]rbitration [a]greement, shall be settled by arbitration[,]" [DS 5] we suggested that where there is a challenge to the delegation provision itself, then our case law requires the issue to be decided by the courts and not the arbitrator. *See id.* ¶ 20. In response, Defendant argues that the agreement, itself, provides clear and unmistakable evidence of the parties' agreement to have the arbitrator decide threshold issues [MIO 3-4], and that the Appellees' failure to specifically challenge the delegation provision precludes the district court from deciding their unconscionability claims [MIO 5-6].

**{3}** In *Felts*, we noted that the United States Supreme Court had "established that challenges to the validity of arbitration provisions fall within two categories: (1) those challenging specifically the validity of the agreement to arbitrate; and (2) those challenging the contract as a whole, either on a ground that directly affects the entire agreement . . . or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid." 2011-NMCA-062, ¶ 19, 149 N.M. 681, 254 P.3d 124 (alterations, internal quotation marks, and citation omitted). We noted, in *Felts*, that only the first type of challenge was for the courts to decide. *Id. Felts* goes on to recognize that "[i]n circumstances where parties have decided to arbitrate arbitrability—that is, where there is a delegation provision assigning questions of arbitrability to an arbitration— . . . *Rent-A-Center*[*, West, Inc. v. Jackson*, 561 U.S. 63 (2010)] appears to stand for the proposition that a party must specifically challenge the delegation provision in order for a court to consider the challenge rather than referring the matter to an arbitrator." *Id.* ¶ 20. Defendant relies on this principle to argue that Appellees have failed to challenge the delegation provision and this required the district court to compel arbitration.

**{4}** However, in *Felts*, this Court determined that the delegation clause was properly challenged because Felts argued that the agreement was unconscionable due to the class action ban and the use of the National Arbitration Forum (NAF) and both the class action ban and the NAF were mentioned in the delegation provision. *Id.* ¶¶ 28-30. Thus, *Felts* appears to take a less stringent approach to determining whether the delegation provision has been challenged than Defendant suggests. Thus, we consider Appellees' challenge to a signatory's ability to enter into the contract sufficient to challenge the delegation clause, where Appellees are challenging the ability of the Decedent to have

formed an agreement as to any of the provisions—that one included. *See Salazar v. Citadel Comm'ns Corp.*, 2004-NMSC-013, ¶ 8, 135 N.M. 447, 90 P.3d 466 (stating "a prerequisite to compelling arbitration is the existence of a valid agreement to arbitrate"); *see also Heye v. Am. Golf Corp.*, 2003-NMCA-138, ¶ 8, 134 N.M. 558, 80 P.3d 495. Thus, we conclude that the district court, rather than arbitration, was the correct forum for resolution of Decedent's competency.

**{5}** Furthermore, to the extent Defendant contends that the district court improperly considered the affidavit and documents attached to the affidavit of Decedent's wife, we conclude that Defendant has not demonstrated error. To the extent that Defendant challenges the use of parol evidence to contradict the express terms of the agreement, relying on *Sanders v. FedEx Ground Package Sys., Inc.*, 2008-NMSC-040, ¶ 29, 144 N.M. 449, 188 P.3d 1200, their reliance on *Sanders* is unavailing. [MIO 9] *Sanders* specifically provides that, "[w]hile the parol evidence rule precludes the admission of prior negotiations or extrinsic evidence offered to contradict or vary the terms of a complete, integrated, written agreement, evidence extrinsic to a written contract is properly admitted to determine the circumstances under which the parties contracted and the purpose of the contract." *Id.* ¶ 29 n.2 (alterations, omissions, internal quotation marks, and citation omitted). Thus, the introduction of evidence to show that a contract was not voluntary, despite an assertion in a contract that the parties voluntarily agreed, is not prohibited by *Sanders*.

**{6}** In addition, Defendant provides no authority—either on appeal or in their reply in support of their motion to compel—that testimony from a medical expert via affidavit was necessary to conclude that the decedent was mentally incapable of entering into a contract. [MIO 10; *see generally* RP 145-50] *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). To the extent Defendant relies on Rules 11-401 to 11-404, 11-603, 11-801, and 11-803 NMRA, we conclude these arguments are similarly unavailing. First, to the extent that there are statements and other pieces of information contained in the documents that are irrelevant, we presume that a district court disregards incompetent evidence. *See State ex rel. Dep't of Human Servs. v. Tommy A.M.*, 1987-NMCA-043, ¶ 30, 105 N.M. 664, 735 P.2d 1170 ("In a non-jury case, the trial court is presumed to have disregarded incompetent evidence, absent a showing that the court was influenced thereby."). Second, to the extent Defendant challenges the medical records on what we assume is hearsay grounds, Rule 11-803 provides an exception for statements made for medical diagnosis or treatment. Thus, given that Defendant did not further explain the reasoning behind its objection, this Court applies a presumption of correctness to the district court's ruling. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. [The defendant] must affirmatively demonstrate its assertion of error."); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."). Finally, Appellant does not specify what more is required by the affidavit of Decedent's wife to satisfy the requirements of Rule 11-603 regarding oath or affirmation. *See Corona v.*

*Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."). While Defendant asserts that it is the obligation of this Court to review the record proper [MIO 10-11], it is not the obligation of this Court to try to guess at Defendant's arguments on appeal or search the record for clues. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments.").

**{7}**     Accordingly, for the reasons stated above and in this Court's notice of proposed disposition, we affirm the district court's order denying Defendant's motion to compel arbitration.

**{8}     IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**