| COMMUNITY 1ST BANK LAS VEGAS V. GUTIERREZ |
|---|

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**COMMUNITY 1ST BANK LAS VEGAS,**
**Plaintiff-Appellee,**
**vs.**
**CHRISTOBAL I. GUTIERREZ, d/b/a GUTIERREZ WINDMILL SERVICE and d/b/a CANADIAN BASIN TRANSPORT; and MARTINA A. GUTIERREZ,**
**Defendants-Appellants**
**and**
**CANADIAN BASIN TRANSPORT, LLC a/k/a CANADIAN BASIN TRANSPORT; and LOMA NEGRA PUMP, WINDMILL AND WELL SERVICE, LLC,**
**Defendants.**

Docket No. A-1-CA-37190
COURT OF APPEALS OF NEW MEXICO
May 2, 2019

APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY, Gerald E. Baca, District Judge

**COUNSEL**

Nathan C. Sprague, Albuquerque, NM for Appellee

Christobal I. Gutierrez, Martina A. Gutierrez, Solano, NM Pro Se Appellants.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: JENNIFER L. ATTREP, Judge BRIANA H. ZAMORA, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendants appeal following the district court's order granting Plaintiff's first amended petition for post-judgment writ of replevin and post-judgment writ of assistance

entered on March 21, 2018. [RP 476-78] On appeal, Defendant contends that (1) the district court erred in granting Plaintiff's proposed first amended petitions for post-judgment writs of replevin and assistance; (2) the district court erred by not requiring Plaintiff to file a bond as laid out in the replevin statute; (3) Plaintiff is not entitled to the post-judgment writs of replevin and assistance; and (4) a writ of assistance is not necessary in an action for replevin. This Court issued a notice of proposed disposition, proposing to affirm. Defendants filed a memorandum in opposition which we have duly considered. Unpersuaded, we affirm.

**{2}** In this Court's calendar notice, we proposed to affirm the district court's decisions, proposing that Defendants had failed to carry their burden to demonstrate error by the district court on Issues (1) and (4). We also proposed to determine that the district court did not err by determining that as Plaintiff sought a post-judgment writ of replevin for enforcement of the court's judgment, which is distinguishable from a new action for replevin, some requirements in the replevin statute, such as filing an affidavit or seeking a bond, are treated differently than during a new action for replevin. We finally proposed to determine that the district court's order permits recovery of property Plaintiff is entitled to and has not yet taken possession of, so the post-judgment writs of replevin and assistance were warranted.

**{3}** Defendants' main argument is that the wheels and rims are not part of the vehicles that were listed as collateral in the security agreement, because they were not specifically described in the agreement. [MIO 7; RP 90] The agreement, however, includes, "all accessions, attachments, accessories, tools, parts, supplies, replacements of and additions to any of the collateral described herein, whether added now or later." [RP 90, 96] Under New Mexico law, "the determination of what constitutes an accession must be based on common law principles, the lesser chattel must form such an integral part of the greater chattel and must be so attached to it as to constitute one and the same thing." *State v. Woodward*, 1983-NMCA-153, ¶ 21, 100 N.M. 708, 675 P.2d 1007 (internal quotation marks and citations omitted). In this case, Defendant's pledged collateral is a vehicle (identified with a vehicle identification number) and a trailer (identified with a serial number). [MIO 6, RP 65] As neither a vehicle nor trailer can function as intended without wheels and rims, we conclude that they are an accession and thus part of the collateral as stated in the contract. *See also* Vehicle, *Black's Law Dictionary* (10th ed. 2014) ("A *wheeled* conveyance that does not run on rails and is self-propelled, esp. one powered by an internal-combustion engine, a battery or fuel-cell, or a combination of these." (emphasis added)).

**{4}** Defendants also continue to argue that Plaintiff should have submitted an affidavit and bond in support of its writ of replevin, but do not address this Court's statement in its proposed disposition affirming the district court's distinction between the requirements for a post-judgment replevin action, such as this one, and those for a replevin suit that is pre-judgment. [CN 4-5] As stated in the calendar notice, this Court has no duty to review an argument that is not adequately developed. *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain a cursory argument that included no explanation of the party's argument and

no facts that would allow the Court to evaluate the claim). "We will not review unclear arguments, or guess at what [a party's] arguments might be." *Id.*

**{5}** Defendants also argue that Plaintiff is only entitled to their property in "as-is" condition, as it was listed as such when sold at public auction. [MIO 8-9] However, the phrase "as-is" may relieve a seller from liability for defects, but does not entitle Defendants to refuse to include part of the pledged collateral, as described above. [RP 90, 96] Once again, they fail to point out how this argument demonstrates any error. To the extent it appears that the Defendants are arguing that the Plaintiff cannot recover missing rims, tires, and other items from the vehicles, as listed in the post-judgment writs of assistance and replevin, [RP 282-377] this Court concludes that the idea of specifically removed items is distinct from any implied warranty of the functionality of the vehicles, and thus, we remain unpersuaded. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the appellate court presumes that the trial court is correct, and the burden is on the appellant to clearly demonstrate that the trial court erred).

**{6}** Because of the foregoing, we conclude that Defendants have not satisfied their burden to oppose the proposed summary disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, we affirm.

**{7}    IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**BRIANA H. ZAMORA, Judge**