This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38580**

**LUCILLE MUNGIA,**

Plaintiff-Appellant,

v.

**RINGING BELLS LLC,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G.W. Shoobridge, District Judge**

Lucille Mungia
Hobbs, NM

Pro Se Appellant

Law Offices of Daniel G. Acosta
Lynne M. Brooks
Las Cruces, NM

for Appellee

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Plaintiff has appealed following the entry of an award of summary judgment in Defendant's favor. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Plaintiff has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** As an initial matter we note that, like the docketing statement, the memorandum in opposition fails to identify issues with specificity. However, to the extent that Plaintiff may challenge the propriety of the underlying disposition, we remain unpersuaded that

the district court erred. As we previously observed, [CN 2-4] Defendant submitted a well-supported motion for summary judgment, which Plaintiff was obligated to refute in a timely and intelligible fashion. *See* Rule 1-056(E) NMRA. In light of Plaintiff's failure to respond to the motion for summary judgment, we perceive no error. *See Freeman v. Fairchild*, 2018-NMSC-023, ¶ 21, 416 P.3d 264 ("[T]he district court may grant summary judgment if the moving party has made a prima facie case of entitlement to summary judgment and the non-moving party has failed to respond despite adequate notice and opportunity to be heard."); *see also* Rule 1-007.1(D) NMRA ("If a party fails to file a response [to a motion] within the prescribed time period the court may rule with or without a hearing.").

{3}	In her memorandum in opposition Plaintiff appears to contend that there was some sort of improper communication between opposing counsel, the attorney she previously retained, and/or herself. [MIO 33] However, we fail to see how this could be said to bear upon the propriety of the disposition rendered below. In any event, the argument is both incomprehensible and unsupported by citation to illuminating authority of any kind. We therefore decline to consider it further. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (explaining that New Mexico courts "will not review unclear arguments, or guess at what [litigants'] arguments might be").

{4}	Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

{5}	**IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**BRIANA H. ZAMORA, Judge**