This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39448

**TIM ALLISON,**

  Plaintiff-Appellant,

v.

**SUSAN BERGMAN, Records
Custodian for New Mexico General
Services Department,**

  Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Western Agriculture, Resource and Business Advocates, LLP
A. Blair Dunn
Jared R. Vander Dussen
Albuquerque, NM

for Appellant

Cuddy & McCarthy, LLP
Scott P. Hatcher
Robert A. Corchine
Carl J. Waldhart
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Plaintiff Tim Allison appeals the district court's order granting summary judgment in favor of Defendant Susan Bergman, records custodian for the New Mexico General

Services Department (the GSD). In granting summary judgment, the court determined that redacted portions of invoices for work performed by a law firm hired by the GSD were exempt from disclosure as attorney-client privileged under the Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2019). Because Allison does not persuade us of error, we affirm.[1]

## BACKGROUND

**{2}** Allison made an IPRA request of the GSD for, in relevant part, "contract law firm billing invoices" associated with *Kretschmer v. New Mexico Livestock Board*, No. 2:17-cv-00962 SMV/GJF, a case in the federal district court in New Mexico that had settled. Hinkle Shanor LLP provided contract counsel to the GSD in the case. In response to the request, Bergman, on behalf of the GSD, sent Allison fifty-two pages of attorney invoices containing 204 line-item entries. Of the 204 entries, 189 were produced in full. Of the remaining fifteen entries, the portions describing services rendered were redacted as attorney-client communications and attorney work product, but the dates of service, task codes and rates, times and amounts billed, and attorneys' names were not redacted.

**{3}** Allison brought a complaint in district court alleging the redactions were contrary to IPRA and asking the court to order the GSD to produce the requested material without redaction. The parties filed cross-motions for summary judgment. Bergman argued that the redacted material was attorney-client privileged and protected attorney work product and, therefore, was exempt from IPRA's disclosure requirement. Following a hearing on the motions, the district court conducted an in camera review of the redacted material. Having determined the material was "attorney-client privileged and therefore confidential," the district court granted Bergman's motion and denied Allison's.

## DISCUSSION

**{4}** IPRA provides that "[e]very person has a right to inspect public records of this state." Section 14-2-1. There are, however, exceptions; as relevant here, IPRA exempts from inspection "attorney-client privileged information," § 14-2-1(F), and other information "as otherwise provided by law," § 14-2-1(H). As a general principle, both parties appear to view attorney work product as exempt from disclosure under the catchall provision of Section 14-2-1(H).[2]

**{5}** We review the district court's application of a privilege, as well as the grant of summary judgment, de novo. *See Breen v. N.M. Tax'n & Revenue Dep't*, 2012-NMCA-101, ¶ 21, 287 P.3d 379; *Dunn v. Brandt*, 2019-NMCA-061, ¶ 5, 450 P.3d 398. We

---

1We note that Allison's appellate arguments are nearly identical to those in a different, prior appeal, *Irby v. Balderas*, A-1-CA-38930, which we also resolve today. The appellants in this case and in *Irby* were represented by the same attorney in the district court and are represented by that attorney in this Court. Given the uniformity of the arguments in the two appeals, our resolution of them is similar.

2Although we are not aware of any published case holding that attorney work product is a recognized exception under Section 14-2-1(H), we espouse this viewpoint of the parties for purposes of this opinion.

emphasize, however, that it is the appellant's burden to persuade us that the district court erred. *See State v. Oppenheimer & Co.*, 2019-NMCA-045, ¶ 8, 447 P.3d 1159 ("On appeal, there is a presumption of correctness in the rulings and decisions of the district court, and the party claiming error must clearly show error." (alterations, internal quotation marks, and citation omitted)).

**{6}** In support of his contention that the grant of summary judgment should be reversed, Allison argues the district court erred in three essential ways: (1) in concluding the invoices were not public records; (2) in concluding the redacted material was attorney-client privileged and/or protected attorney work product; and (3) by not applying *Schein v. Northern Rio Arriba Electric Cooperative, Inc.*, 1997-NMSC-011, 122 N.M. 800, 932 P.2d 490. Addressing each argument in turn, we conclude that none merit reversal.

## I.     The Invoices as Public Records

**{7}** Allison first contends the district court erred by "determin[ing] . . . that the invoices do not constitute a public record [subject to IPRA's disclosure requirement]." *See* § 14-2-1 ("Every person has a right to inspect public records of this state."); § 14-2-6(G) (defining "public records" as "all documents, . . . regardless of physical form or characteristics, that are used, created, received, maintained or held by or on behalf of any public body and relate to public business"). As Bergman correctly observes, the district court made no such determination, and whether the invoices at issue here are public records is not in dispute. In short, Allison's first contention is unfounded.

## II.     Applicability of Attorney-Client Privilege and Work-Product Doctrine

**{8}** Allison next contends the district court erred in determining that the redacted material was attorney-client privileged and/or protected attorney work product,[3] arguing the material related only to the general purpose of the work performed, and otherwise asserts the redactions were impermissible. We are not persuaded for several reasons.

**{9}** First, citing an out-of-state case, *Chaudhry v. Gallerizzo*, 174 F.3d 394 (4th Cir. 1999), Allison proposes that "those parts of billing records that reflect the client's identity, the amount of the fee, the case file name, and the general purpose of the work performed are not protected" by the attorney-client privilege or the work-product doctrine. Allison goes on to posit that "general purpose of the work performed" includes "research into generic areas of the law or procedure in litigation." This definition apparently supports Allison's contention that the redacted material is not attorney-client privileged or protected attorney work product. Critically, however, Allison's argument is

---

[3]The order granting summary judgment referenced only the attorney-client privilege. The parties on appeal, however, dispute whether both the attorney-client privilege and the work-product doctrine apply. Moreover, Allison appears to treat the attorney-client privilege and the work-product doctrine as the same, even though they are distinct concepts. *See Santa Fe Pac. Gold Corp. v. United Nuclear Corp.*, 2007-NMCA-133, ¶ 38, 143 N.M. 215, 175 P.3d 309. Because of this, we do not endeavor to analyze Allison's argument under each distinct concept. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076.

unsupported by citation to legal authority,[4] and we therefore do not consider it. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (providing that we assume no authority exists where none is cited in appellate briefing and that "[i]ssues raised in appellate briefs which are unsupported by cited authority will not be reviewed . . . on appeal").

**{10}** In addition, even though the redacted portions of the invoices are included the record proper, Allison fails to present a developed argument as to why the redactions were impermissible. As noted, fifteen descriptions of legal services were redacted. Of those, Allison addresses only three and does so only cursorily. After identifying the redacted text, Allison simply states, "[s]uch statements are obviously and facially ministerial" and the redactions are "plain[ly] contrary to IPRA." Allison neither expounds on these contentions nor cites case law in support of them. *See id.*; *Headley*, 2005-NMCA-045, ¶ 15 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."). In contrast, Bergman's answer brief provides a thorough and well-supported defense of the district court's privilege determination. In response to Bergman's argument, Allison does nothing to convince us that Bergman or the district court got it wrong. In his reply brief, Allison relies on two of the same examples from the brief in chief, contending those entries show nothing "novel" about the attorney's legal strategy or "sensitive" to the litigation. Yet Allison does not cite authority for the idea that "novelty" and "sensitivity" are germane to the attorney-client privilege or the work-product doctrine. *See In re Doe*, 1984-NMSC-024, ¶ 2; *Headley*, 2005-NMCA-045, ¶ 15. In light of these failings, we decline to review this claim of error further. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 (rejecting the appellant's arguments as "surface presentations" and stating that "[w]e will not search the record for facts, arguments, and rulings in order to support generalized arguments"); *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

**{11}** Likewise unavailing is Allison's repeated assertion that he is entitled to "the greatest possible information" when it comes to public records. *See* § 14-2-5 ("[I]t is declared to be the public policy of this state, that all persons are entitled to the *greatest possible information* regarding the affairs of government." (emphasis added)). The "greatest possible information" is not the same as "all information," as Allison seems to believe. The plain meaning of the phrase, as well as the numerous exceptions to disclosure, *see* § 14-2-1, including those at issue in this case, reveal that the public does not have unfettered access to public records.

## III.  *Schein v. Northern Rio Arriba Electric Cooperative, Inc.*

---

[4]What is more, Allison's proposed definition is counter to *Chaudhry*—the case on which he relies. *See* 174 F.3d at 402 (recognizing that "correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, *such as researching particular areas of law*, fall within the privilege" (emphasis added) (internal quotation marks and citation omitted)).

**{12}** Allison's final argument is that the district court erred by not applying *Schein*, what Allison contends is "the most analogous case from this jurisdiction," and which, according to Allison, "clearly lays out that attorney billing records may not be withheld from a member of the organization."

**{13}** *Schein* involved a corporate shareholder's request for attorney billing records from two law firms that had represented the corporation. 1997-NMSC-011, ¶¶ 2, 3, 6. Under the Business Corporation Act, NMSA 1978, §§ 53-11-1 to -51 (1967, as amended through 2003), shareholders have the right to inspect a corporation's books and records, for any proper purpose. *See Schein*, 1997-NMSC-011, ¶ 12 (citing § 53-11-50). In *Schein*, the corporation provided the requested billing records, but redacted the narrative portions of the bills, claiming attorney-client privilege. *Id.* ¶¶ 6, 9, 19. The district court reviewed the redacted portions in camera, concluded they were not privileged, and thereby ordered their disclosure to the shareholder. *Id.* ¶¶ 7-8. In reviewing the propriety of the district court's decision, our Supreme Court pointed out that "[c]orporate documents that are subject to the attorney-client privilege may be withheld from shareholders," *id.* ¶ 19, but, in light of the district court's determination that the redacted material at issue in the case was not confidential, concluded the material was not protected by the privilege, *id.* ¶ 20.

**{14}** In support of his contention that *Schein* compels reversal in this case, Allison argues, as best we can tell, that a citizen of New Mexico is analogous to a shareholder of a corporation and therefore should have access to attorney billing records like shareholders do. Allison's argument is flawed in two major respects. First, *Schein*'s holding that shareholders are entitled to corporate documents is based on the Business Corporation Act. *See id.* ¶ 12 (citing § 53-11-50). That act is not applicable to this case, and therefore *Schein* is not on point: it says nothing about the right to inspect government documents.[5] Second, even if Allison were somehow analogous to the shareholder in *Schein*, that circumstance would not compel disclosure of the redacted material at issue here. *Schein* emphasized that documents subject to the attorney-client privilege may be withheld from shareholders. *See* 1997-NMSC-011, ¶ 19. No such documents existed in *Schein* because the district court found "no indicia of confidentiality" when it examined the redacted information in camera. *Id.* ¶ 20. The district court here, in contrast, concluded the redacted material was "attorney-client privileged and therefore confidential" and, as discussed, Allison has not convinced us that ruling was erroneous. In sum, *Schein* does not compel reversal in this case.

**CONCLUSION**

---

5To the extent Allison claims, separately from his *Schein*-based argument, that, as a citizen of the State of New Mexico or a taxpayer who "ultimately paid for" the services performed by the GSD's contract counsel, he (along with every other New Mexico citizen and taxpayer) is a client of that counsel and, as such, is granted the privileges recognized by the district court, Allison cites no authority in support of the proposition. *See* Rule 11-503(A)(1) NMRA (defining "client" as "a person, public officer, corporation, association, or other entity *who consults with, seeks advice from, or retains the professional services of a lawyer or a lawyer's representative*" (emphasis added)). Consequently, we do not entertain this argument. *See In re Doe*, 1984-NMSC-024, ¶ 2.

**{15}** For the foregoing reasons, Allison does not persuade us that the district court erred in granting summary judgment. We therefore affirm.

**{16}  IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**