This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41588**

**THE BANK OF NEW YORK MELLON f/k/a
THE BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATE HOLDERS OF
CWALT, INC., ALTERNATIVE LOAN
TRUST 2007-OH1, MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2007-OH1,**

      Plaintiff-Appellee,

v.

**WALTER R. SEIDEL a/k/a WALTER R.
SEIDEL, JR. and BRENDA L. SEIDEL
a/k/a BRENDA SEIDEL,**

      Defendants-Appellants,

and

**VENTANA RANCH COMMUNITY
ASSOCIATION, INC.; TYGRIS
COMMERICAL FINANCIAL GROUP; and
UNITED STATES OF AMERICA BY AND
THROUGH THE INTERNAL REVENUE
SERVICE,**

      Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Victor S. Lopez, District Court Judge**

Brenda Seidel
Walter Seidel, Jr.
Capitan, NM

Pro Se Appellants

McCarthy & Holthus, LLP
Jason Bousliman
Daniel Higgins II
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Defendants Walter and Brenda Seidel appeal from the district court's order addressing standing and granting summary judgment on Plaintiff's foreclosure complaint. [3 RP 727-35] In this Court's notice of proposed disposition, we proposed summary affirmance. Defendants filed a memorandum in opposition, which we have duly considered. We note that Defendants have filed with this Court a copy of a pleading Defendants also filed in the district court. Remaining unpersuaded, we affirm.

**{2}** In their memorandum in opposition, Defendants continue to attack Plaintiff's standing to foreclose on the real property at issue. Defendants argue that they are the "equitable owners of the property," and that therefore "we and no others own the equity to the property in question absent lawful recovery for purchase money." [MIO PDF 2] Defendants acknowledge that Merrill Lynch Credit Corp. was the initial mortgagee of the real property, and argue that therefore Merrill Lynch Credit Corp. "is the only procedurally proper party to litigate a foreclosure suit in re our property." [MIO PDF 3] Furthermore, Defendants continue to argue that the transfer of the "relevant loan" to the Plaintiff as Trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2007-OH1, Mortgage Pass-Through Certificates, Series 2007-OH1 "extinguished our obligation to pay plaintiff any sum of money as a promissory note is a negotiable instrument while a loan is not." [MIO PDF 3] Defendants continue to assert that

> even if counsel for alleged [P]laintiff's dubious proffer of the original
> promissory note proves valid their confessed separation from the last
> bona fide holder-in-due-course named on the promissory note which is
> evidence of our debt and the party in possession of our loan regardless of
> whether expressed as a debt or a loan, renders counsel's . . . foreclosure
> a substantive and procedural nullity, patently frivolous.

[MIO PDF 4]

**{3}** We note that this Court considered Defendants' arguments as to standing in detail in our proposed summary disposition. We reviewed New Mexico law as to standing in foreclosure complaints at length. Again, repeating our proposed summary disposition [CN 6-8], we note that a foreclosing party "must demonstrate that it had the

right to enforce the note and the right to foreclose the mortgage at the time the foreclosure suit was filed." *PNC Mortg. v. Romero*, 2016-NMCA-064, ¶ 19, 377 P.3d 461 (internal quotation marks and citation omitted); *see Bank of N.Y. v. Romero*, 2014-NMSC-007, ¶ 17, 320 P.3d 1 ("One who holds a note secured by a mortgage has two separate and independent remedies, which he may pursue successively or concurrently; one is on the note against the person and property of the debtor, and the other is by foreclosure to enforce the mortgage lien upon his real estate." (internal quotation marks and citation omitted)); *id.* ¶ 35 (recognizing "the separate functions that note and mortgage contracts perform in foreclosure actions," where "the note is the loan and the mortgage is a pledged security for that loan"). With respect to the promissory note, the foreclosing party must demonstrate that, at the time it filed suit, it "either (1) had physical possession of the . . . note indorsed to it or indorsed in blank or (2) received the note with the right to enforcement, as required by the UCC." *Id.* ¶ 19.

**{4}** "[T]he holder of a note indorsed in blank may, as a general matter, enforce the note." *Deutsche Bank Nat'l Tr. Co. v. Johnston*, 2016-NMSC-013, ¶ 25, 369 P.3d 1046 (citing NMSA 1978, §§ 55-3-205(b), -301 (1992)); *see Romero*, 2014-NMSC-007, ¶ 26 ("[The] blank indorsement . . . established the [b]ank as a holder because the [b]ank [was] in possession of bearer paper.").

**{5}** As we reviewed in our proposed summary disposition, here the district court found that Plaintiff attached to the original complaint a copy of the original promissory note. [3 RP 728] The district court noted that Plaintiff subsequently filed with the district court the original promissory note. [3 RP 728] The district court noted that Defendants had an opportunity to view and inspect the original instrument at a hearing, under supervision of the district court. [3 RP 728] The district court was satisfied that the signatures on the original note matched Defendants' signatures, and no objection was raised to the contrary. [3 RP 728] The district court noted that the lender on the original note was "Quicken Loans Inc." and that the original note has several endorsements affixed to it. [3 RP 728-29] The final endorsement endorsed the note in blank, making the holder of the instrument the entity entitled to enforce the note. *Deutsche Bank Nat'l Tr. Co.*, 2016-NMSC-013, ¶ 25; *Romero*, 2014-NMSC-007, ¶ 26. In this case, the final endorsement on the note was in blank, and Plaintiff's counsel confirmed that they had possession of the original note at the time the complaint was filed. [3 RP 729] Thus, Plaintiff established a prima facie case of standing to enforce the note.

**{6}** In their memorandum in opposition, Defendants do not engage with the New Mexico law cited above, nor the facts found by the district court as enumerated above. Defendants have not addressed this Court's proposed conclusion, nor have they asserted any facts, law, or argument that persuades this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition

of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Further, we note that this Court "will not review unclear arguments, or guess at what [a party's] arguments might be." *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076; *see also Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."). Thus, we cannot conclude there is any merit to Defendants' arguments regarding the lack of standing of Plaintiff in its complaint for foreclosure, and we conclude that there was no error by the district court.

{7}    To the extent that Defendants wish to assert arguments as to the suit in federal court regarding Defendants' obligations to the United States of America by and through the Internal Revenue Service, we note that this Court of the State of New Mexico shall not opine as to any matter in federal court regarding the Internal Revenue Service. [MIO PDF 4]

{8}    Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court.

{9}    **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**GERALD E. BACA, Judge**