This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41148**

**MARK EDWARDS, JO YOUNG,
LUCY GONZALEZ, THOMAS DUNCAN,
DAWN ALEY, SUSAN GUEVARA,
TED HERRERA, and RENEE EDWARDS,**

      Plaintiffs-Appellants,

v.

**INTERFAITH COMMUNITY SHELTER
AT PETE'S PLACE and CITY OF SANTA FE,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Bryan Biedscheid, District Court Judge**

Western Agriculture, Resource and
Business Advocates, LLP
A. Blair Dunn
Jared R. Vander Dussen
Albuquerque, NM

for Appellants

Civerolo, Gralow & Hill, P.A.
Lisa Entress Pullen
Albuquerque, NM

for Appellee Interfaith Community Shelter Group Inc.

Erin K. McSherry, City Attorney
Patricia Feghali, Assistant City Attorney
Santa Fe, NM

for Appellee City of Santa Fe

# MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}**    The district court granted summary judgment in favor of Defendants Interfaith Community Shelter Group, Inc. (Interfaith) and the City of Santa Fe (the City) on claims of nuisance and unconstitutional taking brought by Plaintiffs, who own real property and businesses near a homeless shelter operated by Interfaith. Plaintiffs appeal, and we affirm.

## BACKGROUND

**{2}**    Plaintiffs alleged that Interfaith's operation of a homeless shelter in Santa Fe, New Mexico, and the City's renewal of Interfaith's lease of the property where the shelter is located have created a nuisance by enticing unhoused individuals to Plaintiffs' neighborhood. Plaintiffs also alleged that the City committed an unconstitutional taking "by causing the homeless population to trespass, utilize or damage" Plaintiffs' property, in violation of Article II, Section 20 of the New Mexico Constitution. In their motions for summary judgment, Defendants argued they were entitled to summary judgment because Plaintiffs had only identified harm caused by the actions of third-party unhoused individuals, not by the actions of Interfaith or the City, and because Plaintiffs were unable to prove essential elements of their nuisance and takings claims. In response to the motions for summary judgment, Plaintiffs purported to dispute numerous of Defendants' undisputed material facts, but attached only the affidavit of a single plaintiff, Mark Edwards (the Edwards Affidavit), who operated a business in the vicinity of the Interfaith shelter. The Edwards Affidavit described undesirable activity by unhoused individuals in and around the affiant's business and asserted a "belie[f]" that the Interfaith shelter "entices" unhoused individuals to the area and that if the shelter were not there, there would be few unhoused individuals in the area. The district court explained that the affiant's "beliefs" "fall short of creating an issue" of material fact, and granted both motions for summary judgment.

## DISCUSSION

**{3}**    "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 7, 148 N.M. 713, 242 P.3d 280 (internal quotation marks and citation omitted); *see* Rule 1-056(C) NMRA. To successfully resist summary judgment after the movant makes a prima facie showing,[1] the nonmoving party must "demonstrate the existence of specific evidentiary facts which would require trial on the merits."

---

[1]Plaintiffs do not argue that Interfaith or the City failed to meet their initial burden of establishing a prima facie case for summary judgment. *See Romero*, 2010-NMSC-035, ¶ 10. We, therefore, presume the district court did not err by concluding that the burden shifted to Plaintiffs to demonstrate that genuine issues of material fact existed, and we limit our discussion accordingly. *See Hall v. City of Carlsbad*, 2023-NMCA-042, ¶ 5, 531 P.3d 642 (providing that, "[o]n appeal, there is a presumption of correctness in the rulings and decisions of the district court," and thus "it is the appellant's burden to persuade us that the district court erred" (internal quotation marks and citation omitted)).

*Romero*, 2010-NMSC-035, ¶ 10 (internal quotation marks and citation omitted). Although our review is de novo, *id.* ¶ 7, "it is the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the district court has erred," *Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261. Plaintiffs have failed to do so.[2]

**{4}** In challenging the district court's rulings, Plaintiffs generally repeat the arguments they made before the district court and fail in their reply brief to directly respond to Defendants' arguments in support of the district court's rulings. Such an approach provides this Court with little reason to reach a result contrary to the district court's. *See, e.g., Hall v. City of Carlsbad*, 2023-NMCA-042, ¶ 5, 531 P.3d 642 (providing that, "[o]n appeal, there is a presumption of correctness in the rulings and decisions of the district court," and thus "it is the appellant's burden to persuade us that the district court erred" (internal quotation marks and citation omitted)); *Delta Automatic Sys., Inc. v. Bingham*, 1999-NMCA-029, ¶ 31, 126 N.M. 717, 974 P.2d 1174 (providing that when an appellant does not respond to arguments made in an answer brief, "such a failure to respond constitutes a concession on the matter" and "[t]his Court has no duty to search the record or research the law to 'defend' in a civil case a party that fails to defend itself on an issue"). Turning to Plaintiffs' specific arguments on appeal, they provide no basis for reversal.

**{5}** Plaintiffs' principal argument is that the district court erred in granting Defendants' motions for summary judgment because Plaintiffs "clear[ly] disputed facts" in their responses to Defendants' motions.[3] Plaintiffs' appellate argument on this matter is "manifestly deficient" because their briefing fails to "direct this Court to evidence in the record sufficient to create a genuine issue of material fact to overcome summary judgment." *See Guest v. Berardinelli*, 2008-NMCA-144, ¶ 38, 145 N.M. 186, 195 P.3d 353; *see also id.* ¶ 35 ("General assertions of the existence of a triable issue are insufficient to overcome summary judgment on appeal."). Instead, Plaintiffs cite allegations from their amended complaint. This tactic is wholly inadequate to survive summary judgment below or to convince us of error on appeal. *See Romero*, 2010-NMSC-035, ¶ 10 (providing that to survive summary judgment, "[a] party may not simply argue that such evidentiary facts might exist, nor may it rest upon the allegations of the complaint" (alteration, internal quotation marks, and citation omitted)).

---

2Plaintiffs below advanced common law private, common law public, and statutory nuisance claims, as well as an unconstitutional taking claim under Article II, Section 20 of the New Mexico Constitution. Now on appeal, Plaintiffs fail to advance any distinct argument as to their statutory nuisance and taking claims, and accordingly any assertions of error as to these claims are waived. *See State v. Correa*, 2009-NMSC-051, ¶ 31, 147 N.M. 291, 222 P.3d 1 ("On appeal, issues not briefed are considered abandoned, and we do not raise them on our own.").

3Plaintiffs additionally contend that the district court "engaged in improper factual finding that should have been left for the jury to decide." Plaintiffs neither cite any factual findings made by the district court, nor elaborate on this contention. We, therefore, give it no further consideration. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be.").

**{6}**     Otherwise, in support of their claim that they clearly disputed facts precluding entry of summary judgment, Plaintiffs assert that the issue of "why homeless individuals are enticed into the area [around the Interfaith shelter] is a question of fact that should be left to the jury to decide." In support of this contention in particular and in resistance to summary judgment in general, the only evidence Plaintiffs presented below was the Edwards Affidavit. We agree with the district court that the Edwards Affidavit provided no basis to deny the summary judgment motions. That is, the affiant's "*beliefs*" that "the Interfaith Shelter entices homeless individuals . . . into the neighborhood" and that "if the shelter was not present in the vicinity of [his] business or in the neighborhood there would be little to no homeless individuals in the area" amount to supposition or conjecture and thus do not create a genuine issue of material fact sufficient to survive summary judgment. *See id.* (providing that "[w]hen disputed facts do not support reasonable inferences, they cannot serve as a basis for denying summary judgment," and further providing that "[a]n inference is not a supposition or a conjecture, but is a logical deduction from facts proved and guess work is not a substitute therefor" (internal quotation marks and citation omitted)).

**{7}**     Even were we to consider the Edwards Affidavit, which, according to Plaintiffs, includes "several specific examples of how homeless individuals enticed into the area by Interfaith have damaged [the affiant's] private property," such evidence is ineffective in light of Plaintiffs' appellate argument. Missing from Plaintiffs' briefing is an explanation why such evidence is material in light of Defendants' arguments that they cannot be held liable in nuisance for the actions of third-party unhoused individuals,[4] or an explanation why such evidence otherwise creates a genuine issue of material fact on Plaintiffs' private and public nuisance claims in light of the elements of those claims. *See Trujillo v. City of Albuquerque*, 1979-NMCA-127, ¶¶ 15-16, 93 N.M. 564, 603 P.2d 303 (concluding that it would be contrary to sound public policy "[t]o hold a municipality liable for the conduct of third persons" where "the alleged nuisance is not the condition of the land, the physical structures on the land or the activities of the landowners" but instead "is the acts of third persons who come on the land"); *see also Romero*, 2010-NMSC-035, ¶ 11 ("To determine which facts are material, the court must look to the substantive law governing the dispute. The inquiry's focus should be on whether, under substantive law, the fact is necessary to give rise to a claim." (internal quotation marks and citations omitted)). In the absence of such arguments, we are not persuaded that the district court erred in granting summary judgment. *See Hall*, 2023-NMCA-042, ¶ 5; *Delta Automatic Sys., Inc.*, 1999-NMCA-029, ¶ 31.

**CONCLUSION**

**{8}**     For the foregoing reasons, we affirm.

---

4In support of their contention that the City can be held liable for the actions of third parties, Plaintiffs claim that the City "does not enforce rules, regulations, and laws around the shelter." Plaintiffs, however, utterly fail to identify what rules, regulations, and laws are not being enforced and fail to cite record evidence for such a contention. We, therefore, give this contention no further consideration. See Headley, 2005-NMCA-045, ¶ 15.

**{9}** IT IS SO ORDERED.

JENNIFER L. ATTREP, Judge

WE CONCUR:

J. MILES HANISEE, Judge

MEGAN P. DUFFY, Judge