This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42551**

**AMBER DIORIO,**

Plaintiff-Appellee,

v.

**MICHELLE LEE,**

Defendant-Appellant,

and

**SUZZETTE LEE,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Thomas F. Stewart, District Court Judge**

Gonzales Law Firm
R. Nathan Gonzales
Silver City, NM

for Appellee

Michelle Lee
Silver City, NM

Pro Se Appellant

### MEMORANDUM OPINION

**BACA, Judge.**

**{1}** Appellant appeals from the district court's order granting Appellee's emergency motion for injunction and declaratory judgment and the district court's denial of

Appellant's motion to reconsider. We issued a calendar notice proposing to affirm. Appellant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In Appellant's memorandum in opposition, she continues to argue that Appellee misrepresented facts and misled the district court with respect to the Rogers Family Revocable Trust. We proposed to affirm on the grounds that Appellant did not meet her burden to show that the district court erred because she did not present evidence or argument to demonstrate that Appellee should not have been the successor trustee or that the trust was invalid. [CN 4] Appellant maintains that "[Appellee] has unclean hands related to the subject matter of this case" and asserts that a "[d]eclaratory judgment action requires a real and substantial dispute" and that "[i]f the issue is hypothetical or moot [a] court can dismiss." [MIO PDF 3] To the extent we understand, Appellant argues that Appellee fabricated facts in order to obtain a declaratory judgment regarding her status as a successor trustee. However, Appellant has not provided this Court with any additional facts, authority, or argument to show that the district court's order declaring that Appellee "is the proper [s]uccessor [d]eath [t]rustee, as designated in the Rogers Family Revocable Living Trust" was erroneous. [RP 129, ¶ 2] "A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement." *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, we conclude that the district court did not err by granting Appellee's motion and denying Appellant's motion to reconsider.

**{3}** Appellant also continues to argue that she was not given a fair chance to speak at the hearing and that she "was cut off any time [she] tried to tell the court anything negative about [Appellee]." [MIO PDF 6] We proposed to affirm on the grounds that it appeared Appellant was given an opportunity to testify at the hearing and she did not explain what testimony she sought to give or how the testimony would have helped her defense. [CN 5] Appellant acknowledges that she was sworn in to testify, but she "disagree[s] with [her] having given testimony regarding [her] right to the property." [MIO PDF 7] Appellant maintains that Appellee showed up at the property and took items, including a recreational vehicle, that were "gifted to [her] in the trust document." However, we again note that Appellant has not provided this Court with any additional facts, authority, or argument to demonstrate that Appellee was not acting pursuant to the trust, which the district court determined allowed Appellee access to the property to prepare it for sale. [RP 129, 200]

**{4}** Finally, Appellant raises a new issue that was not presented in the docketing statement, which we construe as a motion to amend the docketing statement. This Court will grant such a motion to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3)

explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael,* 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309.

**{5}** Appellant asserts that the district court asked Appellee about getting Appellant help to relocate. [MIO PDF 7] Appellant, however, has provided us with no more facts regarding this question, when it took place, under what circumstances, or why it was error for the district court to have asked it. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."). Accordingly, we deem this issue nonviable and deny Appellant's motion to amend. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730 (stating that this Court will deny motions to amend that raise issues that are not viable).

**{6}** For the reasons stated in our notice of proposed disposition and herein, we affirm the district court.

**{7}    IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**